FRED W. JONES, Jr., Judge.
On May 2, 1980 the Richland Parish Bus Drivers Association and several individual members filed suit against the Richland Parish School Board, its superintendent and president, seeking a judgment declaring unconstitutional the Board’s method of allocating proceeds from a sales tax levied pursuant to a 1968 election and permanently enjoining the Board from distributing the sales tax proceeds on the alleged discriminatory basis. Pending a trial on the merits, *810 plaintiffs secured a temporary restraining order prohibiting distribution of the sales tax receipts and also applied for a preliminary injunction. Defendants moved to dissolve the temporary restraining order.
After a hearing on the rule for a preliminary injunction and on the motion to dissolve the temporary restraining order, the district court rendered judgment in favor of plaintiffs ordering the issuance of a preliminary injunction prohibiting the Board from distributing 6% of the sales tax proceeds pending the resolution of the case on the merits. Plaintiffs appealed this judgment, contending that the trial court erred and abused its discretion by arbitrarily restricting its issuance of the preliminary injunction to 6% of the disputed funds. Therefore, the sole issue presented for consideration on this appeal is whether a trial judge has authority to grant only partial relief to an applicant for a preliminary injunction.
A preliminary injunction is a procedural device interlocutory in nature designed to preserve the existing status pending a trial of the issues on the merits of the case. La.C.Civ.P. Art. 3601.
To obtain a preliminary injunction the moving party must show that the injury, loss or damage he will suffer may be irreparable if the injunction does not issue. He must also make a prima facie showing that he will prevail on the merits of the case. See GMAC v. Daniels, 377 So.2d 346 (La. 1979); Daigre Engineers, Inc. v. City of Winnfield, 385 So.2d 866 (La.App. 2d Cir. 1980); Melancon v. Assumption Parish Police Jury, 231 So.2d 690 (La.App. 1st Cir. 1970).
As pointed out in Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979), page 494:
“... [T]he principal demand is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or tentatively decide merit-issues.” (Emphasis added)
In Schwegmann Bros. Giant Super Markets v. La. Milk Commission, 290 So.2d 312 (La.1974), the Commission sought to enjoin Schwegmann from giving or offering to give refunds in connection with purchases of milk and dairy products. The trial court granted a limited preliminary injunction, which the Court of Appeal broadened. Addressing the question of the propriety of the trial judge’s granting only partial relief in response to the request for a preliminary injunction, the Louisiana Supreme Court held:
“In so doing, he was within his procedural power. He did not have to either grant or deny the full injunction sought. Instead, he could (as he did) give only that partial relief to which the applicant or the opponent was entitled under the showing made.”
The 1% sales tax in question was levied to supplement other revenues available to the Richland Parish School Board for the payment of employee salaries. Neither the call for the election in 1968 nor the ordinance levying the tax specified the formula to be used by the Board in the allotment of those funds. In the exercise of its discretion the Board established a policy of paying 88% of the sales tax receipts to supplement the salaries of certificated employees, including teachers, and 12% of those receipts to supplement the salaries of noncertificated employees, including school bus drivers.
At the hearing in this case the trial judge considered evidence that in Franklin Parish school bus drivers along with other noricer-tificated personnel received salary supplements consisting of 20% of the 1% sales tax; that East Carroll Parish school bus drivers received two-thirds of the sales tax proceeds distributed to school teachers; and that in West Carroll Parish school bus operators received the same base pay but were allotted somewhat larger supplements from their sales tax proceeds than those in Rich-land Parish.
In his written reasons for judgment the trial judge stated:
“Considering the amounts paid bus drivers in other parishes, and we must assume that these figures were offered to *811 show the difference between reasonable and unreasonable distribution, a small percentage of the funds on hand would be adequate to pay plaintiff’s drivers for the difference they should receive if they are successful on the merits. We have concluded that 94% of the tax funds under restraint should be released and the temporary restraining order dissolved as to that portion, and that the preliminary injunction should issue as to 6% of those funds, to be held subject to the further orders of this court. It is the judgment of this court that this 6% would be a sufficient amount to cover any additional benefits to plaintiffs, if they are successful on the merits.”
There is no question but that under the ruling of Schwegmann, the trial judge has the authority to grant only partial relief to these applicants for a preliminary injunction. It was obviously his conclusion, based upon an appropriate tentative consideration of merit-issues, that on the basis of plaintiffs’ prima facie showing it was only necessary to mandate retention by the school board of 6% of the sales tax proceeds to adequately provide for any additional benefits to which plaintiffs might be entitled if ultimately successful.
The trial judge has broad discretion in his decisions relating to the granting or denial of preliminary injunctions. Melancon v. Assumption Parish Police Jury, supra.
Since we conclude that his discretion was not abused in this case, we affirm the judgment of the district court, at appellants’ cost.