398 So.2d 1029 (1981)
INTERNATIONAL MATEX TANK TERMINALS
v.
SYSTEM FUELS, INC.
No. 80-C-1927.
Supreme Court of Louisiana.
May 18, 1981.
*1030 Herschel L. Abbott, Jr. and R. Patrick Vance of Jones, Walker, Waechter & Poitevent, Carrere & Denegre, Nat G. Kiefer of Kiefer, Glorioso & Fleming, New Orleans, for defendant-relator.
Leon C. Vial, Hahnville, Charles Johnson of Coleman, Dutrey, Thomson, Meyer & Jerisich, New Orleans, for plaintiff-respondent.
CALOGERO, Justice.[*]
In this summary eviction proceeding we must determine whether defendant's having filed a peremptory exception of no right of action simultaneously with the declinatory exceptions of lack of venue and lis pendens caused a waiver of the declinatory exceptions.
On July 8, 1980, plaintiff, International Matex Tank Terminals, filed a petition to evict the lessee, defendant System Fuels, Inc. On July 29, 1980, the day scheduled for the hearing of this summary proceeding, System Fuels filed the declinatory exceptions of lis pendens and improper venue and the peremptory exception of no right of action. The trial court sustained the declinatory exceptions and International Matex filed an application for writs with the Court of Appeal to review the judgment. The Court of Appeal granted the writ and made it peremptory, stating:
"Respondent's peremptory exception of no right of action constituted an appearance which resulted in a waiver of its declinatory exceptions of lis pendens and venue."
We granted System Fuels' writ application to review the action of the Court of Appeal. International Matex Tank Terminals v. System Fuels, Inc., 393 So.2d 104 (La.1981).
It is well settled that ordinarily all objections which may be raised through the declinatory exception are waived "when a defendant makes an appearance." C.Civ.P. art. 925. However, C.Civ.P. art. 7 provides that "the pleading of other objections ..., the filing of the peremptory exception or an *1031 answer therewith when required by law, does not constitute a general appearance." Foster v. Breaux, 260 La. 1112, 270 So.2d 526 (1972). Therefore, the question presented for our determination is whether the filing of the peremptory exception of no right of action with the declinatory exceptions of lis pendens and venue in this eviction proceeding was required by law. If so, defendant's filing of the peremptory exception with the declinatory exceptions does not constitute a general appearance and effect a waiver of the declinatory exceptions. If not, then the filing of the peremptory exception with the declinatory exceptions did constitute a general appearance and did effect a waiver of the declinatory exceptions.
System Fuels points out that eviction proceedings are summary in nature (C.Civ.P. art. 2592(7); C.Civ.P. art. 4731) and that C.Civ.P. art. 2593, relating to summary proceedings, requires that peremptory exceptions be filed with the declinatory exceptions. Thus, relator argues, the filing of the peremptory exception with the declinatory exceptions, as required by law, did not constitute an appearance by defendant so as to waive his declinatory exceptions.
International Matex does not dispute the fact that these proceedings are summary in nature. Rather, Matex argues that C.Civ.P. art. 2593 does not require the simultaneous filing of all exceptions.
C.Civ.P. art. 2593 provides in pertinent part as follows:
"Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required, except as otherwise provided by law." (emphasis provided)
While it is true, as International Matex suggests, that C.Civ.P. art. 2593 does not expressly require the simultaneous filing of all exceptions, the effect or implication of the provision is that they must be filed together.
C.Civ.P. art. 2593 requires the filing of all exceptions prior to the trial. However, if a party were to file his declinatory exceptions and then later file his peremptory exceptions, the subsequent filing before a ruling on the declinatory exceptions, would constitute a general appearance and waiver of his declinatory exceptions. C.Civ.P. art. 925; C.Civ.P. art 7.
In Foster v. Breaux, supra, the defendant therein was faced with a similar problem. The defendant wanted to raise the peremptory exception of prescription grounded on the fact that the suit was filed in a court of improper venue and he was not timely served. Thus, defendant had to raise both the peremptory exception of prescription and the declinatory exception of venue. In Foster, this Court pointed out that since defendant had to file both exceptions, but the filing of the peremptory exception after the filing of the declinatory exception where the declinatory exception had not yet been ruled on would constitute a general appearance and waiver of the declinatory exception, defendant was "required by law" to file the exceptions simultaneously. Such a filing, where required by law, did not constitute a general appearance and effect a waiver of the declinatory exception. C.Civ.P. art. 925; C.Civ.P. art. 7.
In the present case, defendant is required to file all his exceptions prior to the trial. C.Civ.P. art. 2593. However, he is also faced with other provisions that specify that the filing of the peremptory exception after the filing of the declinatory exception where the declinatory exception has not yet been ruled on constitutes a general appearance and effects a waiver of the declinatory exceptions. C.Civ.P. art. 7; C.Civ.P. art. 925. Therefore, we conclude that defendant herein, like the defendant in Foster, is required by law to file the peremptory exceptions and declinatory exceptions simultaneously, and such a filing does not constitute a general appearance or waive the declinatory exceptions. Otherwise, defendant would either waive its right to assert its declinatory exceptions or lose its right to raise its peremptory exceptions (by not filing them prior to the trial as required by C.Civ.P. art. 2593).
*1032 Plaintiff argues that the peremptory exceptions can be filed after disposition of the declinatory and dilatory exceptions. However, such a holding would be at cross purposes with the express nature of summary proceedings, that they are to be "conducted with rapidity" (C.Civ.P. art. 2591), and contrary to the express language of the code, that all exceptions "shall be filed prior to the time assigned for, and shall be disposed of on, the trial." C.Civ.P. art. 2593.
Therefore, the Court of Appeal ruling reversing the trial court was incorrect and the filing of the peremptory exception of no right of action simultaneously with the declinatory exceptions of lis pendens and lack of venue, in this summary eviction proceeding, did not constitute a general appearance and waiver of the declinatory exceptions. Because the Court of Appeal ruled in favor of plaintiff on procedural grounds it did not act on the merit of plaintiff's writ application insofar as that application questioned the correctness of the trial court ruling sustaining defendant's exceptions of lis pendens and lack of venue. Therefore, we will remand the case to the Court of Appeal to enable the court to act anew on the writ application.

Decree
For the foregoing reasons, we reverse the ruling of the Court of Appeal and remand the case to that court for further consideration of defendant's writ application on the merits.
REVERSED AND REMANDED.
LEMMON, J., does not take part.
NOTES
[*] Judge Gerald P. Fedoroff, ad hoc of the Orleans Parish Civil District Court participated in this decision in place of Blanche, J., absent.