ELLIS, Judge:
Plaintiffs Glyndol A. Talley and Susan G. Talley brought this suit against Capital Bank & Trust Company, Gerard Enterprises, Inc. and Bill Day Home Builder, Inc., alleging the following circumstances:
Plaintiff entered into a contract dated October 28, 1977, to purchase a lot and improvements thereon from Bill Day, which was to construct the improvements. Bill Day then made a construction loan with Capital Bank, secured by a mortgage on the subject property dated November 21, 1977. Plaintiffs recorded their purchase agreement on June 5, 1978. On August 16, 1978, Bill Day filed suit against plaintiffs, the litigation arising out of construction delays.
On September 23, 1980, the property was conveyed by Bill Day to Gerard Enterprises. On November 17, 1980, Capital foreclosed via executive on Gerard, and a writ of seizure and sale issued, which further ordered the cancellation of the inscription of plaintiffs’ purchase agreement. The property was purchased by Capital Bank at sheriff’s sale on January 21, 1981, for $544.32.
Plaintiffs asked for a temporary restraining order and preliminary injunction to prevent Capital Bank from disposing of the property; that the cancellation of their purchase agreement be annulled; that the sale from Bill Day to Gerard be annulled and its inscription cancelled; and that the sheriff’s sale to Capital Bank be annulled.
The temporary restraining order was issued on March 16, 1981, at 2:55 p. m., and expired by its own terms on March 26,1981, at 2:55 p. m. On April 2, 1981, after the rule for the preliminary injunction had been tried, Capital Bank filed a rule to dissolve the temporary restraining order, asking for *531 damages and attorney’s fees for the wrongful issuance thereof.
On March 27, 1981, the matter came on for hearing on the rule for a preliminary injunction, at which hearing no evidence was offered by plaintiffs, other than the record in the executory proceeding. The only ground argued to the district court for granting the preliminary injunction was that there were errors in the executory proceeding filed by Capital Bank against Gerard.
Defendants offered in evidence the purchase agreement between Bill Day and plaintiffs and testimony as to the circumstances of the transfer from Bill Day to Gerard.
After the hearing, the matter was taken under advisement. On April 2, 1981, written reasons for judgment were handed down in which the court dissolved the temporary restraining order and denied the preliminary injunction. Both Capital Bank and Bill Day were awarded $500.00 as attorney’s fees in connection with the dissolution of the temporary restraining order. Judgment was signed accordingly, and plaintiffs have appealed. In this court, plaintiffs complain of the failure of the trial judge to issue the preliminary injunction, and the assessment of attorney’s fees for the dissolution of the temporary restraining order.
Plaintiffs argue that the trial judge improperly applied the law relative to preliminary injunctions in that he required a greater burden of proof of plaintiffs than is required by Articles 3601 of the Code of Civil Procedure.
Article 3601 provides:
“An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law;

“During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
“Except as otherwise provided by law, an application for injunctive relief shall be by petition.”
Our courts have consistently held that to obtain a preliminary injunction under the above article, plaintiff “must show that the injury, loss or damage he will suffer may be irreparable if the injunction does not issue. He must of course show that he is entitled to the relief sought and must make a prima facie showing that he will prevail on the merits of the case.” General Motors Acceptance Corp. v. Daniels, 377 So.2d 346, 348 (La.1979).
Plaintiffs in this case have proved nothing, and are clearly not entitled to in-junctive relief. The only evidence offered by them was the executory proceeding filed by Capital Bank against Gerard, and they point to no errors or deficiencies therein. There is no showing of irreparable injury.
However, the trial court erred in awarding attorney’s fees for services rendered in connection with the dissolution of the temporary restraining order. The order had expired by its own terms, as well as by law, before the hearing on the preliminary injunction was held; no motion to dissolve was filed on behalf of Bill Day Home Builder; and the motion filed on behalf of Capital Bank was filed several days after the order had expired. See Davis v. Raymond Petroleum, Inc., 396 So.2d 600 (La.App.3rd Cir. 1981).
The judgment appealed from is therefore affirmed insofar as it denies the preliminary injunction; the judgment is reversed insofar as it awards attorney’s fees to defendants, and their prayer in this respect is denied. Costs of this appeal shall be equally shared by plaintiffs and defendants. All costs in the trial court shall be borne by plaintiffs.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.