ALFORD, Judge.
This is an appeal from a judgment of the Twenty-First Judicial District Court, Parish of Livingston, enjoining appellant from blocking a drainage ditch located on his property and further ordering appellant to remove any obstructions to said ditch placed there by him. The trial judge determined that irreparable injury to a public road would result if appellant were not enjoined from filling in the ditch on his property. We affirm.
Appellant’s ancestor in title, Delmas Harris, requested that appellee construct the ditch sometime prior to his selling the property to a Mr. Tate in 1967. Appellant purchased the property in 1970. Mr. Harris testified that he made the request to the Livingston Parish Police Jury in an attempt to alleviate drainage problems occurring on his land as well as the land of his neighbors.
The ditch on Mr. Smith’s property connects with two public drainage ditches which run parallel with Poirrier Lane in Livingston Parish. The ditch which runs on the west side of Poirrier Lane crosses under the road via a culvert and intersects with the ditch on the east side before joining the Smith ditch. Expert testimony was presented on behalf of the Police Jury showing that if the Smith ditch is not allowed to flow freely, the ditches which parallel Poirrier Lane will not drain properly thereby causing the foundation of the road to deteriorate. The trial judge found *531 that the continuing nature of the damage justified the granting of the injunction regardless of the fact that any particular instance of repair could be accomplished for a determinable price.
Appellant maintains that the trial judge erred in his legal interpretation of irreparable injury as found in LSA C.C.P. art. 3601. It is appellant’s contention that Mr. Alex Theriot, an expert in civil engineering, who testified that the resulting damage to the road caused by standing water could be repaired at a cost of $500.00 to $1,000.00, defeated appellee’s required showing of irreparable injury. In order for a showing of irreparable injury to be made, the party seeking an injunction must prove that the alleged loss can not be adequately compensated monetarily or that the alleged damage can not be measured by a pecuniary standard. LeBlanc v. Lyons, 401 So.2d 626 (La.App. 3rd Cir.1981). We are of the opinion, as was the trial judge, that the continuing nature of the damage in this case can not be adequately compensated monetarily.
Additionally, given the fact that this is a public road used by the residents of the community, it is our position that the continual process of having its foundation weakened will subject those who use it to a needless danger. We are unable to see how this danger can be adequately compensated monetarily or measured by a pecuniary standard.
Appellant next argues that the trial judge erred in accepting the proposition that the Livingston Parish Police Jury has any rights whatsoever in the ditch. It is important to note that the ditch was initially constructed by appellee at the request of a former owner prior to his having sold the property in 1967. At that time, LSA C.C. art. 765 (Amended by Acts 1904, No. 25), provided that a continuous and apparent servitude could be acquired by possession of ten years. Servitudes of drainage through ditches are both apparent and continuous. Wild v. LeBlanc, 191 So.2d 146 (La.App. 3rd Cir.1966). The testimony presented at trial clearly shows that the Smith ditch remained open and free flowing for a period in excess of ten years.[1] We are of the opinion that appellee has shown possession of the ditch for ten years, thus creating a continuous and apparent servitude of drainage through the ditch.
Appellant finally urges that the trial judge erred in allowing certain rebuttal evidence to be introduced which showed that Mr. Smith consented to appellee’s cleaning of the ditch. Having reached the decision that the Livingston Parish Police Jury acquired the servitude in question by possession of ten years, we need not address this issue.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed with costs of this appeal to be borne by appellant.
AFFIRMED.

. We are unable to ascertain from the record if Mr. Smith filled in the ditch in 1978 or 1979. However, it makes no difference in that the servitude was acquired by possession of ten years at the latest in 1977.