446 So.2d 1366 (1984)
Sam CIOLINO, et al.
v.
Jack CASTIGLIA.
Jack CASTIGLIA
v.
Sam CIOLINO, et al.
Nos. 83 CA 0405, 83 CA 0406.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*1367 Allen B. Pierson, Jr., Ponchatoula, for Ciolino.
W. Hugh Sibley and Richard D. McShan, Greensburg, for Castiglia.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is an appeal from judgments overruling exceptions of lis pendens and res judicata filed by the appellants and granting a preliminary injunction against the appellants from interfering with or using a fifteen foot wide lane which is the subject of a possessory action filed by the appellee.

PROCEDURAL FACTS
On March 8, 1982, Sam Ciolino and Joe Spalitta (appellants) filed suit against Jack *1368 Castiglia (appellee) contending that they were owners of two tracts of immovable property in Tangipahoa Parish, Louisiana, located adjacent to and north of immovable property owned by Jack Castiglia, that Jack Castiglia erected a gate and did grading work on their property and that they were entitled to an injunction prohibiting Castiglia from using or trespassing on their property and declaring Castiglia had no right-of-passage or servitude to use the property. On April 21, 1982, Castiglia answered the petition and admitted erecting a gate and doing grading work in the area but asserted that it was not on the property of Ciolino and Spalitta. Castiglia further asserted that the work was done on property acquired by him by record title and/or by prescription, was owned by him and was used as a right-of-way to his other property. On May 28, 1982, Ciolino and Spalitta obtained a preliminary injunction prohibiting Castiglia from trespassing on or using their property. On September 23, 1982, Ciolino and Spalitta filed a contempt rule against Castiglia alleging that he violated the preliminary injunction by operating his tractor and bushhog on their property. On October 18, 1982, Ciolino and Spalitta filed an amended contempt rule contending that on October 4, 1982, they were having bulldozer work done on their property and that Castiglia threatened the bulldozer operator and made verbal threats toward them.
On October 19, 1982, Castiglia filed a possessory action against Ciolino and Spalitta (Castiglia v. Ciolino-Spalitta) requesting recognition of his right to possess a six acre tract of land with a fifteen foot wide road running across the property for a distance of 1,162 feet. Castiglia prayed that a preliminary injunction issue prohibiting Ciolino and Spalitta from interfering with his possession of this property. Castiglia asserted that on October 4, 1982, Ciolino and Spalitta interfered with his peaceful passage over the roadway by tearing up the road and placing trees in the right-of-way. Castiglia also alleged that the suit filed by Ciolino and Spalitta against him (Ciolino-Spalitta v. Castiglia) in March of 1982 was a disturbance in law of his possession. On October 29, 1982, Castiglia amended his petition by adding a $10,000 claim for damages.
Also on October 29, 1982, a hearing was held on the contempt rule in Ciolino-Spalitta v. Castiglia. After hearing the evidence, the district court took the matter under advisement. On November 17, 1982, an opinion was rendered that Castiglia was in contempt of court. Castiglia was ordered to pay a fine of $100 plus costs and serve two days in the parish jail, which penalty was suspended and Castiglia was placed on inactive probation on the condition that he refrain from any further contemptuous acts. This contempt judgment was read and signed on December 23, 1982.
On November 19, 1982, the district court conducted a hearing in Castiglia v. Ciolino-Spalitta on Castiglia's request for a preliminary injunction. Prior to taking evidence at this hearing, Ciolino and Spalitta in a single pleading filed a declinatory exception of lis pendens and peremptory exceptions of prescription and res judicata.[1] During the course of this hearing, the entire record of Ciolino-Spalitta v. Castiglia was filed in the record of the instant case. On January 18, 1983, the district court rendered reasons for judgment which referred the exception of prescription to the merits, overruled the exceptions of lis pendens and res judicata and granted the preliminary injunction against Ciolino and Spalitta for the following reasons:
A complete review of the evidence before the court at this stage of the proceeding convinces the Court that an injunction should issue in this matter. The questions about ownership of the land in question and/or the questions about the right to use the road in question are all valid and very complicated. No clear determination can be made without a trial on the merits. In the meantime plaintiff *1369 could very well suffer severe irrepairable (sic) damages if the injunction were denied. Plaintiff is enjoined in another proceeding from using the road.
This suspensive appeal was taken on February 9, 1983. La.C.C.P. art. 3612.

EXCEPTION OF LIS PENDENS
Appellants contend that the trial court committed error by overruling their exception of lis pendens.
The record reflects that in a single pleading the appellants filed a declinatory exception of lis pendens (La.C.C.P. art. 925[3] as defined in La.C.C.P. art. 531) with peremptory exceptions of res judicata (La. C.C.P. art. 927[2]) and prescription (La.C. C.P. art. 927[1]). Prior to August 30, 1983,[2] if a defendant filed a declinatory exception with a peremptory exception, he made a general appearance which waived the objections raised in the declinatory exception (except lack of jurisdiction over the subject matter), unless he was required by law to plead the exceptions together. La. C.C.P. arts. 7, 925 and 928; International Matex Tank Terminals v. System Fuels, Inc., 398 So.2d 1029 (La.1981); Brunet v. Evangeline Parish Board of Supervisors of Elections, 376 So.2d 633 (La.App. 3rd Cir.1979), writs denied, 377 So.2d 1240 (La. 1979) and 380 So.2d 623 (La.1979); Polmer v. Spencer, 256 So.2d 766 (La.App. 1st Cir. 1971), writ refused, 260 La. 1133, 258 So.2d 380 (La.1972); L'Enfant, Developments in the Law, 1980-1981: Louisiana Civil Procedure, 42 La.L.Rev. 676, 681 (1982). Our research fails to reveal any law which required that the declinatory exception of lis pendens be filed with the peremptory exception of res judicata or prescription. By filing the declinatory exception with the peremptory exceptions, the appellants have waived the declinatory exception.[3] Because the appellants have waived this exception, it cannot form a part of this appeal, and this portion of the appeal is dismissed.

EXCEPTION OF RES JUDICATA
The appellants contend that the trial court committed error by overruling their exception of res judicata.
An appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. La.C.C.P. art. 2083. A judgment overruling the peremptory exception of res judicata is interlocutory and is not appealable absent a showing of irreparable harm. Cheramie v. Vegas, 413 So.2d 1343 (La. App. 1st Cir.1982). Because the appellants have failed to allege or demonstrate irreparable injury, this portion of the appeal will be dismissed. La.C.C.P. art. 2162; Pavlo v. Pavlo, 396 So.2d 390 (La.App. 1st Cir. 1981); Fontenot v. O'Brien, 302 So.2d 399 (La.App. 1st Cir.1974).[4]
The ruling on the exception of res judicata cannot be contested as part of the appeal from the judgment on the preliminary injunction. Interlocutory judgments affecting exceptions which do not involve irreparable injury may only be raised with an appeal from a final judgment. Cf. Firemen's Pension and Relief Fund for City of Lake Charles v. Boyer, 420 So.2d 1323 (La.App. 3rd Cir.1982); Carville v. City of Plaquemine, 303 So.2d 289 (La.App. 1st Cir.1973). Although the preliminary injunction judgment is appealable (La.C.C.P. art. 3612), it is still an interlocutory judgment. Louisiana National Bank v. Hebert, 398 So.2d 632 (La.App. 4th Cir.1981); Southwest Sales and Manufacturing Company, Inc., v. Delta Express, Inc., 342 *1370 So.2d 281 (La.App. 3rd Cir.1977), writ denied, 345 So.2d 48 (La.1977). Further, La. C.C.P. art. 3612 does not authorize appellate review of interlocutory judgments affecting exceptions with an appeal from a judgment on a preliminary injunction.

PRELIMINARY INJUNCTION
The appellants assert that the trial court committed error by granting Castiglia a preliminary injunction prohibiting them from using the fifteen foot wide lane.
The principal argument supporting this assignment of error is that the trial judge was clearly wrong in determining that Castiglia had proven irreparable injury, loss, or damage would result unless the preliminary injunction were issued as required by La.C.C.P. art. 3601. This argument cannot prevail because the preliminary injunction is being sought as an ancillary remedy to a possessory action and is controlled by La.C.C.P. art. 3663 and not by La.C.C.P. art. 3601. The purpose of a preliminary injunction which is ancillary to a possessory action is to preserve the status quo during the pendency of the action. Meche v. Graham, 421 So.2d 461 (La.App. 3rd Cir.1982). An action for injunctive relief brought under the provisions of La.C. C.P. art. 3663 requires no showing of irreparable injury, loss, or damage. Louisiana Power & Light Company v. Holmes, 422 So.2d 684 (La.App. 3rd Cir.1982), writ denied, 425 So.2d 774 (La.1983); Red River v. Noles, 406 So.2d 294 (La.App. 3rd Cir.1981); Ryan v. Pekinto, 387 So.2d 1325 (La.App. 1st Cir.1980), writ denied, 394 So.2d 615 (La.1980); A. Yiannopoulos, Property § 229 in 2 Louisiana Civil Law Treatise, 610-616 (2d ed. 1980).
Even though Castiglia need not prove irreparable injury, loss, or damage as required by Article 3601, he must still show that he is entitled to the relief sought and must make a prima facie showing that he will prevail on the merits of his possessory action. Cf. General Motors Acceptance Corporation v. Daniels, 377 So.2d 346 (La. 1979); Talley v. Capital Bank and Trust Company, 411 So.2d 530 (La.App. 1st Cir. 1982); Richland Parish Bus Drivers Association v. Richland Parish School Board, 393 So.2d 809 (La.App. 2nd Cir.1981); Daigre Engineers, Inc. v. City of Winnfield, 385 So.2d 866 (La.App. 2nd Cir. 1980). Prima facie evidence is evidence sufficient to establish a given fact and which, if not rebutted or contradicted, will remain sufficient. State v. Williams, 400 So.2d 575 (La.1981); State, ex rel. Dupas v. City of New Orleans, 240 La. 820, 125 So.2d 375 (1960); Watkins v. Zeigler, 147 So.2d 435 (La.App. 2nd Cir.1962).
The elements of proof in a possessory action are set forth in La.C.C.P. art. 3658 as follows:
To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.
A possessor for purposes of the possessory action is defined in La.C.C.P. art. 3660 as follows:
A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper.
The grantee of a right to use or occupy immovable property may be a possessor entitled to bring a possessory action. Parkway Development Corporation v. City of Shreveport, 342 So.2d 151 (La. 1977). A disturbance in fact is defined in La.C.C.P. art. 3659 as follows:

*1371 A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying the possession quietly, or which throws any obstacle in the way of that enjoyment.
At the hearing on his rule for the preliminary injunction, Castiglia testified that he did not own the lane, but had a privilege or title to use the road which he inherited from his father in part and acquired in part by purchase from his brothers and sisters. Castiglia also testified that he had been grading the road for forty-six or forty-seven years. Sadie Ciolino testified that he was the owner of the road and that Jack Castiglia had the privilege or right-of-way to use the road.[5] He also testified that Jack Castiglia's father was allowed to use the road as far back as 1914 and that for many years Jack Castiglia has graded and trimmed the road. The transcript of the contempt rule in the Ciolino-Spalitta v. Castiglia record, which was filed into the record of the preliminary injunction in the instant case, shows that on October 4, 1982, at the direction of Joe Spalitta, Richard L. Parrish was operating a bulldozer along the road and was knocking trees down to block the road. A confrontation ensued between Parrish and Mr. and Mrs. Castiglia. Castiglia's suit was filed on October 19, 1982. This evidence is prima facie evidence of the essential elements of a possessory action and is sufficient to entitle Castiglia to the preliminary injunction.[6]
The judgment of the district court granting the preliminary injunction is correct and is affirmed.

DECREE
For the foregoing reasons, the appeals of the judgments overruling the exceptions of lis pendens and res judicata are dismissed and the judgment granting the preliminary injunction is affirmed. Appellants are to pay all costs of this appeal. Costs in the district court shall be determined upon a final judgment on the merits.
APPEAL DISMISSED IN PART; AFFIRMED IN PART.
NOTES
[1] The transcript of the November 19, 1982 hearing shows that the exceptions were filed with the court, but the exceptions are marked filed November 22, 1982, by the Clerk of Court.
[2] Pursuant to Act 60 of 1983, La.C.C.P. arts. 7 and 928 were amended to allow the filing of all exceptions at the same time without waiving any.
[3] In any event, the overruling of an exception of lis pendens is not an appealable judgment. Ponsony v. Debaillon, 7 Mart. (n.s.) 204 (La.1828).
[4] The appellants also assert that the trial court committed error by allowing Castiglia to bring a new suit seeking a preliminary injunction contrary to the preliminary injunction already in effect against him after the appeal period for that judgment had passed. This assignment of error is essentially a reiteration of the exception of res judicata.
[5] No documentary evidence of title was presented by either Sadie Ciolino or Castiglia.
[6] In his pleadings, Castiglia contends that the filing of suit by Ciolino and Spalitta against him is a disturbance in law as defined in La.C.C.P. art. 3659. This contention cannot prevail because Castiglia was an adverse party in that proceeding. Bodcaw Company v. Enterkin, 273 So.2d 325 (La.App. 3rd Cir.1973).