625 So.2d 760 (1993)
Esper MARIONNEAUX, Jr. and Stephen H. Marionneaux
v.
Douglas TALBOT.
No. 92 CA 2380.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
Stephen H. Marionneaux, Livonia, for appellees.
James C. Dewey, New Roads, for appellant Douglas Talbot.
Before LOTTINGER, C.J., and EDWARDS and WATKINS, JJ.
LOTTINGER, Chief Judge.
This case concerns the acquisition, by prescription, of a servitude of drainage. Specifically, we must resolve the apparent conflict between La.Civ.Code arts. 765 and 3504 as they existed prior to the 1977 revision.

FACTS
The plaintiffs in this action, Esper Marionneaux, Jr. and Stephen H. Marionneaux, contend that a predial servitude of drainage on the defendant's property was established by acquisitive prescription. The plaintiffs filed a petition seeking the recognition of ownership of the servitude and a preliminary injunction prohibiting the defendant, Douglas Talbot, from blocking the flow of water.
According to the testimony at the hearing on the preliminary injunction, Esper Marionneaux, Jr., one of the plaintiffs, dug a small ditch from his property to a drainage canal located on the defendant's property sometime during the year 1966. This ditch facilitated *761 the drainage of excess water from the plaintiffs' property. The plaintiffs claim they received permission in 1966 to dig the ditch from Norbert Talbot, now deceased. The defendant claims that, at the time permission was allegedly given, Norbert Talbot owned, at most, a one-tenth interest in the property; and furthermore, the property was subject to a usufruct. The plaintiffs contend they understood Norbert Talbot to be "in charge" of the property and to be leasing it from his co-owners.
The defendant, Douglas Talbot, admits to blocking the flow of water in the canal that runs exclusively on his property sometime during the years 1989 and 1990. The defendant claims to have no knowledge of permission being given by anyone to access the canal. He also contends that since he owns only one-tenth of the property in indivision, a complete adjudication requires the joinder of his co-owners.
The trial court granted a preliminary injunction enjoining the defendant from blocking the flow of water through the drainage canal and overruled the peremptory exception raising the objection of failure to join indispensable parties.

ASSIGNMENTS OF ERROR
The defendant assigns the following errors to the trial court's decision:
1. The trial court erred in determining that the plaintiffs had acquired a servitude of drain across the property owned by defendant through acquisitive prescription of ten years.
2. The trial court erred in rejecting the exception of non-joinder of indispensable parties raised by defendant relative to the fact that he is owner of only an undivided one-tenth of the property claimed to be subject to the servitude.

I
Although the judgment on the preliminary injunction is an interlocutory judgment, not a final judgment, it is appealable under La. Code Civ.P. art. 3612.
The issuance of a preliminary injunction is appropriate upon a prima facie showing that the petitioner will prevail on the merits and that irreparable injury will occur if the injunction is not granted. Picard v. Choplin, 306 So.2d 918 (La.App. 3rd Cir.1975). It is not seriously contested that the plaintiffs will suffer irreparable injury if the drainage of their land is prevented. The uncontradicted testimony at the hearing showed that the plaintiffs' property is inundated with standing water to the extent that it poses a health risk to the families occupying the residences located thereon.
As the plaintiffs have carried their burden with respect to irreparable injury, we now must determine if they have made a prima facie showing that they will prevail on the merits. Initially, we must determine what law is applicable to the facts of this case. As a general rule the application of new legislation is prospective only, unless it is procedural or it specifically states that it should be applied retroactively. As neither condition exists in the present case, we must apply the law as it existed from 1966 to 1977, the time period during which the plaintiffs claim prescription accrued.
The plaintiffs contend that a servitude was acquired through ten year acquisitive prescription according to La.Civ.Code art. 765 (prior to the 1977 revision). Article 765 stated: "Continuous and apparent servitudes may be acquired by title, or by a possession of ten years...." The plaintiffs argue that they have possessed the servitude for the requisite amount of time and have therefore acquired ownership.
The defendant argues that La.Civ.Code art. 3504 (prior to the 1977 revision) requires that the plaintiff be in good faith and have just title in order for the ten year prescriptive period to apply and that, absent either requirement, thirty year prescription is applicable. Article 3504 read as follows: "A continuous apparent servitude is acquired by possession and the enjoyment of the right for thirty years uninterruptedly, even without a title or good faith." The defendant argues that, implicitly, this article modifies the requirements for ten year prescription to include just title and good faith.
*762 This exact issue was addressed in Blanda v. Rivers, 210 So.2d 161 (La.App. 4th Cir. 1968). In Blanda, the owner of the servient estate gave verbal permission to the owner of the dominant estate to extend water, gas and sewer pipes over the property line. This permission was granted in 1951. In 1965, Blanda was negotiating to purchase the servient estate and demanded that the encroachment be removed. Subsequently, Blanda purchased the servient estate and brought suit to force the defendants to remove the pipes. The court held that the owners of the dominant estate acquired a servitude by virtue of ten years acquisitive prescription even though there was no act translative of ownership (i.e. no just title). Citing a supreme court decision, Kennedy v. Succession of McCollam, 34 La.Ann. 568 (La. 1882), the court found, "that in the acquisition of servitudes only simple or moral good faith is necessary, without a `just title.'" 210 So.2d at 166. We find this holding to be a rational interpretation of the code articles, as the two articles interpreted together create a scheme of acquisitive prescription whereby an apparent servitude may be acquired immediately by title alone (Article 765), by possession for ten years in good faith (Article 765), or by possession for thirty years without good faith (Article 3504). Within this codal structure "just title" would appear to be simply one means of establishing good faith.
The defendants argue that because Norbert Talbot, the deceased person who allegedly gave permission to the plaintiffs, owned only a one-tenth interest in the immovable, the plaintiffs' claim of good faith is defeated. The testimony of the plaintiffs indicated that they believed Norbert Talbot to be an owner of the property and to be "in charge" of the property. La.Civ.Code art. 3481 (prior to 1982 revision) stated: "Good faith is always presumed in matters of prescription; and he who alleges bad faith in the possessor, must prove it." The fact that the plaintiffs assumed that Norbert Talbot was in a position to grant permission to establish a servitude, even if incorrect, is not sufficient to defeat the presumption of good faith. La.Civ.Code art. 3451 (prior to 1982 revision) stated: "The possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact; as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another." The defendant in this case bears the burden of proving that the plaintiffs did not have just reason to believe that Norbert Talbot could grant permission to establish a servitude. They did not meet this burden at the hearing, but they retain the opportunity to do so during the permanent injunction proceedings.
The defendant also contends that the servitude could not be acquired by ten-year prescription as the plaintiffs' possession was not open and notorious but clandestine, as the ditch in question ran through a culvert which is allegedly overgrown with vegetation. No evidence was presented regarding the visibility of the ditch during the ten year period during which it is claimed that prescription accrued. La.Civ.Code art. 728 (prior to 1977 revision) stated, in pertinent part: "Apparent servitudes are such as are to be perceivable by exterior works; such as a door, a window, an aqueduct." In addition to the fact that the code explicitly lists an aqueduct as an apparent servitude, this circuit has so held in Livingston Parish Police Jury v. Smith, 442 So.2d 529, at 531 (La.App. 1st Cir.1983). We therefore find that, in the absence of direct evidence to the contrary, a servitude of drainage is apparent.
As the plaintiffs have established not only irreparable injury, but also the fact that they are likely to prevail on the merits of their case, the trial judge properly granted the preliminary injunction.

II
With respect to the defendant's argument that the trial court erred in overruling the peremptory exception of failure to join indispensable parties, we find this to be an interlocutory judgment which may only be appealed upon a showing of irreparable injury. In Ciolino v. Castiglia, 446 So.2d 1366 (La.App. 1st Cir.1984), it was held that the trial court's decision to overrule the exception of res judicata could not be contested as *763 part of an appeal from the judgment on the preliminary injunction absent a showing of irreparable harm. Id. at 1369. The reasoning behind this ruling is that interlocutory judgments which do not involve irreparable injury may only be appealed along with an appeal from a final judgment. As the judgment on the preliminary injunction is an interlocutory judgment, which is appealable only under La.Code Civ.P. art. 3612, and not a final judgment, the defendant must establish irreparable injury in order to appeal the ruling on the preemptory exception. As the defendant has failed to allege that the overruling of the exception will cause irreparable injury, the appeal of this ruling is improper.
Therefore, for the above and foregoing reasons, the ruling on the exception is not considered and the judgment of the trial court on the preliminary injunction is affirmed at appellant's costs.
AFFIRMED.