846 So.2d 153 (2003)
Jean A. DILLON
v.
Warren DILLON.
No. 03-CA-35.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
Phyllis M. Williams, LaPlace, LA, for Defendant/Appellant.
D. Douglas Howard, Jr., Danyelle M. Taylor, New Orleans, LA, for Plaintiff/Appellee.
Panel composed of Judges THOMAS F. DALEY, JAMES L. CANNELLA, and SUSAN M. CHEHARDY.
*154 THOMAS F. DALEY, Judge.
Defendant-appellant, Warren Dillon, appeals the trial court judgments denying his Exception of Jurisdiction and ordering an income assignment against his retirement benefits. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY:
The parties were married on September 25, 1964 in Edgard, Louisiana and divorced on May 25, 1979 in Mobile, Alabama. At the time of divorce the parties partitioned the community property, with the exception of Mr. Dillon's retirement plan with his employer, IBM. The divorce decree awarded Mrs. Dillon alimony. The alimony was last modified on March 10, 1986, ordering Mr. Dillon to pay alimony in the amount of $150.00 per month. Mrs. Dillon moved back to Louisiana and on July 1, 1999, she filed a petition to make the Alabama judgment executory and a petition to partition Mr. Dillon's pension.
Mr. Dillon responded with an Exception to Venue that was granted by the trial court. This court reversed the trial court and the matter was remanded to the trial court for further proceedings. Dillon v. Dillon, 00-207 (La.App. 5 Cir. 6/27/00), 762 So.2d 1288. Mr. Dillon's Writ Application to the Supreme Court was denied. Dillon v. Dillon, 2000-2280 (La.10/27/00), 772 So.2d 656. On April 5, 2002, Mr. Dillon filed an Exception of Lack of Jurisdiction stating that the Louisiana court had no jurisdiction over the issue of alimony because the Alabama judgment states that the Alabama court will retain jurisdiction over the issue of alimony. This argument was reurged at the hearing on this matter.
The trial judge denied Mr. Dillon's Exception of Jurisdiction and rendered judgment in favor of Mrs. Dillon finding Warren Dillon in arrears in the amount of $14,100.00 and rendered a judgment making the alimony arrears of $14,100.00 executory. In a separate judgment, the trial judge ordered that the Alabama judgment be made executory and that an Income Assignment Order be issued against Mr. Dillon for the payment of his current spousal support obligation of $150.00 per month pursuant to the Judgment of March 10, 1986. Mr. Dillon has timely appealed these judgments.
LAW AND DISCUSSION:
In his First Assignment of Error, appellant contends the trial court erred in denying his Exception to Jurisdiction, again claiming the trial court had no jurisdiction over the issue of alimony because the May 25, 1979 judgment states the Alabama court retained jurisdiction over the issue of alimony. In response, Mrs. Dillon points out that the 1979 judgment was modified on two occasions, most recently on March 10, 1986, thus the 1979 judgment has been superceded and is no longer binding on the issue of alimony.
Our review of the record indicates that Mrs. Dillon sought to have the March 10, 1986 Alabama judgment made executory. This judgment awarded $150.00 per month in alimony. Thus, the issue is whether the Louisiana court had authority to make the 1986 Alabama judgment executory. Louisiana courts have long had the authority to make foreign judgments executory, including spousal support orders. Norvell v. Norvell, 94-0001 (La. App. 4 Cir. 1/19/95), 649 So.2d 95. Accordingly, we find this argument to be without merit.
Appellant goes on to argue that the trial court erred in exercising jurisdiction over his person when he did not have sufficient minimum contacts with Louisiana. The Exception to Jurisdiction was filed on April 5, 2002. In this exception, appellant argued the Louisiana court had no jurisdiction *155 over the issue of alimony because the initial Judgment of Divorce specifically states that the Alabama court would retain jurisdiction over alimony. This argument was reurged at the hearing on his exception. At no time did appellant argue that the trial court had no jurisdiction over his person.
An exception to personal jurisdiction must be filed prior to making a general appearance. International Matex Tank Terminals v. System Fuels, Inc., 398 So.2d 1029 (La.1981). Objections to personal jurisdiction are waived when the defendant makes a general appearance. Id. Mrs. Dillon filed the Amended Petition on September 12, 2000. Mr. Dillon filed a Motion to Traverse the Descriptive List on October 26, 2001. His attorney appeared at the hearing on the Motion to Traverse on November 30, 2001 and filed a Memorandum after the hearing. Clearly, Mr. Dillon made a general appearance prior to claiming the trial court had no jurisdiction over his person. Accordingly, Mr. Dillon's arguments regarding personal jurisdiction are without merit.
In his Second Assignment of Error, appellant argues the trial court erred in ordering an income assignment against his retirement benefits. He contends that his retirement funds are not subject to garnishment or seizure as a reimbursement for past due alimony pursuant to R.S. 13:3881(D)(1). Mrs. Dillon responds that R.S. 13:3881 provides that pensions are exempt from liability for any debt except alimony and child support. She reasons that there was no error since the Income Assignment Order against appellant's retirement benefits was for alimony arrearages.
The trial court rendered two judgments in this case, both dated April 29, 2002. Both judgments were appealed from. One judgment finds that appellant is in arrears in the amount of $14,100.00. This judgment goes on to state:
It is further ordered, adjudged and decreed that this Honorable Court will grant an income assignment order and/or garnishment of the assets of Warren Dillon in order to satisfy these arrearages.
The second judgment appealed from states in pertinent part:
It is ordered, adjudged and decreed that the judgment rendered March 10, 1986 by the Circuit Court at Mobile, Alabama in the matter entitled Jean M. Dillon v. Warren Dillon, No. DR-79-500062.06-K is recognized by this court and hereby made executory.
It is further ordered, adjudged and decreed that an Income Assignment Order shall issue herein against Warren Dillon for the payment of his current spousal support obligation pursuant to the judgment of March 10, 1986, in the amount of $150.00 per month. (Emphasis added)
We find these judgments only issued an income assignment to satisfy the current spousal support of $150.00 from the Alabama judgment that was made executory. R.S. 13:3881(D)(1) exempts pensions and retirement benefits from "all liability for any debt except alimony and child support." Thus, the trial court did not err in ordering an Income Assignment Order on appellant's retirement benefits for the current spousal support obligation.
The judgments rendered do not provide an avenue for plaintiff to collect the alimony in arrearages. We do not rule on the issue of whether an income assignment can be issued against Mr. Dillon's retirement benefits to satisfy the amount in arrearages because that is not before us. Mrs. Dillon may execute the judgment for the amount in arrearages in the same manner *156 any other judgment may be executedby seizing property and assets of Mr. Dillon that are not exempt from seizure.
For the foregoing reasons, the judgment of the trial court is affirmed. This matter is remanded to the trial court for proceedings consistent with this opinion.
AFFIRMED; MATTER REMANDED.