CARAWAY, J.
_[jln this workers’ compensation action, the claimant sought benefits for an alleged occupational disease caused by his work as a sandblaster. His former employer argued that claimant’s lump sum settlement in 2002 for injuries from a 1996 workplace accident precluded further recovery of benefits. In response, claimant petitioned to nullify the judgment dismissing his pri- or workers’ compensation claim which had been settled. After denying defendant’s exception of res judicata, the workers’ compensation judge dismissed claimant’s petition for nullity and expressly allowed this occupational disease claim proceeding to continue. Because we find this judgment was interlocutory, we dismiss the appeal.

Facts and Procedural History

In 2002, Eliger Tugler, Jr. (“Tugler”) filed this Form 1008 claim with the Office of Workers’ Compensation (“OWC”) (Case No. 03-04880) for workers’ compensation benefits, alleging a “silica sand [lung] injury [disease].” Two weeks later, he filed a statement also alleging “previous occupational exposure from the sandblasting.” The defendant, James Machine Works, Inc. (“JMW”), answered raising in defense a court-approved ■ workers’ compensation settlement agreement dated October 31, 2002, between JMW and Tugler. The settlement related to a prior workplace injury on May 31, 1996, affecting Tugler’s neck, shoulder and hands. Tugler filed a previous claim before the OWC (hereinafter the “Accident Claim”) which led to the court-approved settlement.
| ?Upon JMW’s assertion of the prior settlement, Tugler’s counsel petitioned to annul the settlement judgment arising from the prior Accident Claim. The “Petition” was not assigned a separate case number and the pleading was filed in Case No. 03-04880 by the OWC. Citation was not requested upon JMW. At that time, JMW also moved for dismissal of the present occupational disease claim on the grounds of res judicata. The hearing on the exception ultimately occurred in June 2005, and the workers’ compensation judge (“WCJ”) denied the exception.
Tugler’s petition to annul remained pending and was further argued in April 2006. At that time, he was unrepresented. After hearing testimony from the attorney who negotiated his lump sum settlement in the prior Accident Claim, the trial court made the following ruling:
All right. Based on the evidence that’s been presented to me, I am Unable to find fraud or misrepresentation by a party to the proceeding. It does appear to have been some miscommunications between Mr. Tugler and his attorney, Mr. LaCroix.... I’ve reviewed the documents 'in the files extensively. I note the 1008 that was filed by Mr. Tugler on June 14, 2001, in Docket Number 01-04212, which is the claim that was settled in December 2002. The parts of the body listed on the 1008 shows neck, shoulder, hand.... And so, based on that, the petition to annul the settlement of December ,3, 2002, is denied as related to the injuries ... involving claimant’s neck, back and hip. There is no evidence that the defendants are relieved from liability in regard to a silicosis *1159 claim. The issue of silicosis was not listed in the 1008. The issue of silicosis was not listed in the settlement documents signed by the claimant. The issue of silicosis was not mentioned in open court when this court approved the document.... The claim for silicosis was not settled [or] resolved.
On May 3, 2006, the trial court signed the following judgment:
Considering the pleadings and the evidence presented at the hearing, the applicable law and the arguments of counsel, Claimant’s Petition to Annul is DENIED. The Court further pfinds that any potential silicosis claim was not included in the prior settlement entered into by the parties, and Claimant is not precluded from pursuing a silicosis claim as a result of the prior settlement.
Tugler appeals the judgment.

Discussion

An appeal can be dismissed because there is no right to appeal. La. C.C.P. art. 2162. Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. . La. C.C.P. art.2082. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. An interlocutory judgment is ap-pealable only when expressly provided by law. La. C.C.P. art. 2083(C). A judgment overruling the peremptory exception of res judicata is interlocutory and is not appeal-able. Ciolino v. Castiglia, 446 So.2d 1366 (La.App. 1st Cir.1984).
The preliminary matter raised in the course of this action for an occupational disease claim was the effect of the parties’ 2002 settlement and compromise of the prior lawsuit regarding the Accident Claim. Compromise can be the basis for a plea of res judicata. La. C.C. art. 3078. Therefore, JMW was entitled to raise its defense regarding the res judicata effect of the prior settlement through the peremptory exception. See, La. C.C.P. art. 927(A)(2). Duplicitously, instead of merely defending against JMW’s res judicata exception, Tugler also challenged the integrity of the 2002 settlement by his nullity claim presented not in a separate lawsuit, but the present suit. After considering both the peremptory exception and the Ifill-pled “nullity” claim, the WCJ reached a singular and interlocutory conclusion that the 2002 settlement does not preclude the present action concerning the alleged occupational disease.
The judgment of the WCJ being interlocutory, the appeal is dismissed. Costs of this appeal are assessed to Tugler.
APPEAL DISMISSED.