**JACK JELENKO**　　　　　　*　　NO. 2025-C-0570

**VERSUS**　　　　　　　　*　　**COURT OF APPEAL**

**KEVIN CRAIS**　　　　　　*　　**FOURTH CIRCUIT**

　　　　　　　　　　　*　　**STATE OF LOUISIANA**

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
FIRST CITY COURT OF NEW ORLEANS
NO. 2023-01276, SECTION "C"
Honorable Dianne T. Alexander, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Rachael D. Johnson, Judge Karen K. Herman)


George G. Angelus, PLC
700 Camp Street
New Orleans, LA 70130

　　　COUNSEL FOR PLAINTIFF/RELATOR

Lawerence R. DeMarcay, III
MILLER, SULLIVAN & DEMARCAY, LLC
1100 Poydras Street, Suite 1515
New Orleans, LA 70163

　　　COUNSEL FOR DEFENDANT/RESPONDENT


**WRIT GRANTED; REVERSED AND REMANDED**
**OCTOBER 8, 2025**

KKH
RML
RDJ

This action stems from a dispute between a tenant, Jack Jelenko ("Jelenko"), and a landlord Kevin, Crais ("Crais") over the return of a security deposit. Jelenko seeks review of the July 23, 2025 Judgment from First City Court for the City of New Orleans wherein, following a trial on the merits, the trial court raised the peremptory exception of lack of subject matter jurisdiction on its own motion, finding that, pursuant to a clause in the lease agreement, the matter was brought in a court of improper venue. The judgment further ordered that the action be transferred to the First Parish Court of Jefferson Parish or to a court of proper venue. For the reasons set forth below, we grant this writ application, reverse, and remand for further proceedings.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Jelenko and Crais entered into a lease agreement ("Lease") in August of 2020 for the lease of a home in Orleans Parish. A security deposit of $3,000.00 was paid pursuant to the Lease. After moving out of the property, Jelenko filed a Petition for Return of Security Deposit in February of 2023.[1]

---

[1] The circumstances surrounding the dispute over the return of the security deposit are not pertinent to this discussion.

1

The dispute was not resolved, and the matter proceeded to trial on June 25, 2025. Following the introduction of evidence and presentation of testimony, the trial court took the matter under advisement. Judgment was rendered on July 23, 2025, which decreed as follows:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this Court raises, on Its own *Motion,* the peremptory exception of lack of jurisdiction over the subject matter of the action pursuant to Clause 40 (titled, "Governing Law") of the *Lease* which states, in part, "…[Lessee] agrees that venue and jurisdiction are proper in a court located in or having jurisdiction over *Jefferson Parish, Louisiana*. Lessee knowingly waives any rights to object to jurisdiction or venue." (footnotes omitted)
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this action has been brought in a court of improper venue and that there is no evidence from the record that Plaintiff knowingly filed his action in the wrong venue.

Finally, the Judgment ordered Jelenko to transfer the action to Jefferson Parish or a court of proper venue within thirty (30) days.

Jelenko's timely writ application followed. Jelenko's motion to stay the matter was granted by the trial court on August 18, 2025, staying the thirty-day time limit imposed in the Judgment.

**LAW AND ANALYSIS**

In a *Per Curiam* Opinion, the trial court stated that the "venue and jurisdiction language in the Lease is neither ambiguous nor unclear." The trial court further reasoned that "[n]either party raised the issue of jurisdiction and venue during trial. Thus, the Trial Court was bound to raise the peremptory exception of lack of jurisdiction *sua sponte*, to effectuate the terms of the Lease…." In doing so, the trial court relied on La. C.C.P. art. 927(B), which provides, in pertinent part, that "the court's lack of

jurisdiction over the subject matter of the action may be noticed by either the trial court or appellate court on its own motion."

We find this ruling to be in error. Based on our review of the record, it appears that the trial court has conflated the concepts of subject matter jurisdiction, personal jurisdiction, and venue. The trial court raised the exception of subject matter jurisdiction on her own motion, finding that the action was brought in a court of improper venue. Based on the somewhat ambiguous language in the Judgment and the *Per Curiam* Opinion, it appears that the trial court was actually making a determination as to personal jurisdiction and venue.

Both subject matter and personal jurisdiction relate to "the [court's] power to adjudicate," while "venue ... relates to the place where judicial authority may be exercised." *Senior v Overlog, Inc.*, 2024-0541, p. 18 (La. App. 4 Cir 4/21/25), 414 So.3d 965, 979 (quoting *Luffey ex rel. Fredricksburg Props. of Tx., LP v. Fredericksburg Props. of Tx., LP*, 37,591, p. 6 (La. App. 2 Cir. 12/10/03), 862 So.2d 403, 406 n.3).

Subject matter jurisdiction "is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. It is undisputed that First City Court has subject matter jurisdiction over the present action based on the claim presented, *i.e.*, the return of a $3,000.00 security deposit pursuant to a lease agreement.

Personal jurisdiction "is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding." La.

3

C.C.P. art. 6. Here, it is clear that Crais submitted to the jurisdiction of the First City Court, filing no declinatory exception as to personal jurisdiction. It is well-established that "[o]bjections to personal jurisdiction are waived when the defendant makes an appearance." *Dillon v Dillon*, 2003-0035, p 4 (La. App. 5 Cir. 4/29/03), 846 So.2d 153, 155 (citing *International Matex Tank Terminals v. System Fuels, Inc.,* 398 So.2d 1029 (La. 1981)).

"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. C.C.P. art. 41. An exception of improper venue is raised by declinatory exception, which is "waived unless pleaded therein." La. C.C.P. art. 925. Additionally, La. C.C.P. art. 928 mandates that declinatory exceptions must be raised "prior to or in the answer and, prior to or along with the filing of any pleading seeking relief."

Crais has not objected to venue. The record reflects that Crais filed an Answer and Reconventional Demand, conducted discovery, filed a Motion for Summary Judgment, and participated in the trial.

**CONCLUSION**

For the foregoing reasons, we find that the trial court erred in raising what she considered to be an exception of subject matter jurisdiction, finding that the action was brought in a court of improper venue. While a court may raise subject matter jurisdiction on its own motion pursuant to La. C.C.P. art. 927(B), this case does not present a question of subject matter jurisdiction.

As to venue, the record demonstrates that, regardless of the venue provision stated in the Lease, Crais has waived any claim of improper venue pursuant to La. C.C.P. art. 928.

Finally, considering that this case has been fully litigated, we find that the transfer to another jurisdiction is not in the interest of judicial economy and efficiency. Accordingly, the judgment is reversed, and the matter is remanded back to the trial court for rendition of a judgment on the merits.

**WRIT GRANTED; REVERSED AND REMANDED**