231 So.2d 690 (1970)
Mrs. Nicee T. MELANCON et al.
v.
ASSUMPTION PARISH POLICE JURY.
No. 7849.
Court of Appeal of Louisiana, First Circuit.
February 2, 1970.
Rehearing Denied March 9, 1970.
Tom Phillips, Baton Rouge, for appellants.
Risley Triche, Napoleonville, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
Plaintiffs are seeking to enjoin the Assumption Parish Police Jury from abolishing Hospital Service District No. 1 of the Parish of Assumption without first complying with certain provisions of the constitution and laws of this state requiring them to assume the debts and obligations of the District. Plaintiffs first obtained a temporary restraining order, and after a trial heard, in part, on affidavits and the pleadings, a preliminary injunction, preventing the defendants from dissolving the District prior to the final resolution of the issues presented by the case. From the judgment granting the preliminary injunction, the Police Jury has appealed.
*691 It is undisputed that a majority of the members of the Assumption Parish Police Jury intend to vote to abolish the District, and are prevented from so doing by the injunction issued herein. It is also uncontradicted that the Board of Commissioners of the District have incurred certain debts, including attorney's, architect's and engineer's fees.
From the pleadings, we gather that the defendants question the capacity of the plaintiffs to bring this suit, and the legality of the debts incurred by the District. They further claim that they are obligated by law to assume only the bonded indebtedness of the District in order to abolish it. All of these issues were referred to the merits by the trial judge. He was of the opinion that there was a satisfactory showing that the plaintiffs, particularly the District itself, would suffer irreparable injury if the District were dissolved prior to the resolution of the issues presented by this case. He granted the preliminary injunction on that ground alone.
The defendants, in their specifications of error, complain that the preliminary injunction should not have been issued for the same reasons they are resisting the suit on the merits. As pointed out above, none of these issues have been decided by the trial judge.
A preliminary injunction is interlocutory in nature, designed to preserve the status quo until a determination can be made on the merits of the controversy. It may issue on a prima facie showing by the plaintiff that he is entitled to the relief sought, and that he would suffer irreparable injury if it is not granted. Ridge Park v. Police Jury of Jerrerson Parish, 210 La. 351, 27 So.2d 128 (1946); Cloud v. Dyess, 172 So.2d 528 (La.App. 3 Cir. 1965).
"An irreparable injury is one for which the party injured cannot be compensated adequately in damages, or for which the damages cannot be measured by a pecuniary standard." City of Lake Charles v. Lake Charles Ry., Light & Waterworks Co., 144 La. 217, 80 So. 260 (1918).
The trial judge has broad discretion in determining whether to grant or refuse a preliminary injunction. Silberman v. Beaubouef, 175 So.2d 873 (La.App. 3 Cir. 1965).
Considering all of the above, we think the trial judge acted within the bounds of his discretion in granting the preliminary injunction. The showing made by plaintiffs satisfies the requirements of the law for the issuance of a preliminary injunction. If the District were to be wrongfully dissolved by the Police Jury, the damage to it and the members of its governing body, all of whom are plaintiffs or intervenors herein, could not be measured by a pecuniary standard. It is undisputed that certain debts and obligations have been incurred, and a parcel of land donated to the District. The validity of these debts, which is disputed, can only be determined after a full hearing on the merits. We are aware that we have the authority to consider the issues raised by the parties to this appeal, although they have not been decided by the trial court. However, we feel, as did the trial judge, that these questions might best be resolved after a full hearing has been had on the merits.
The judgment appealed from is affirmed. Defendant is condemned to pay the costs from which it is not exempt by law.
Affirmed.