289 So.2d 279 (1973)
STATE BOARD OF EDUCATION, thru Southern University, etc., et al.
v.
Louis J. ANTHONY et al.
No. 9599.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Rehearing Denied February 15, 1974.
Writs Refused April 5, 1974.
*281 Arnold J. Gibbs, Baton Rouge, and Thomas J. Divens, New Orleans, for defendant and plaintiff in reconvention, Louis J. Anthony.
J. Reginald Coco, Jr., and Vanue B. Lacour, Baton Rouge, for plaintiffs.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
LOTTINGER, Judge.
On December 29, 1972, the State Board of Education, acting through Southern University in Baton Rouge, and G. Leon Netterville, Jr., its president, filed this suit asking for injunctive relief against nine named defendants, all students at Southern University at its Baton Rouge campus. The defendants are Louis J. Anthony, Charlene Hardnett, Frederick Prejean, Donald Mills, Herget Harris, Paul Shivers, Willie T. Henderson, Ricky Hill, and Nathaniel Howard. Also named as defendant is Students United, an unstructured organization which grew up during the controversy which precipitated this suit.
The petition filed alleges the expulsion of the individual defendants, under Act 59 of 1969 (R.S. 17:3101), and their failure to appeal their expulsion to the State Board of Education under that act. It further alleges that the defendants "repeatedly engaged in acts of harassment, intimidation, obscenity and similar acts of disruption to classroom, teaching and learning activities", and "used the University buildings or facilities for purposes for which they were not designed or intended." It is further alleged that "the defendants are believed to have intentions to continue the aforementioned acts of disruption", and that irreparable injury might result unless injunctive relief is granted to prevent the defendants from "entering on the campus of Southern University in Baton Rouge, destroying public property on the campus, harassing other students, committing acts of obscenity, assualting students and members of the Administration, and similar acts of disruption."
The Board then prays for immediate issuance of a temporary restraining order, for a rule for a preliminary injunction, and for eventual issuance of a permanent injunction, forbidding the conduct complained of. The petition is verified by the affidavit of G. Leon Netterville, Jr., as President of Southern University.
The temporary restraining order prayed for was issued on December 29, 1972, and extended from time to time until the judgment herein was rendered. A rule to show cause why the preliminary injunction should not issue was set for trial on January 9, 1973.
On January 9, 1973, defendant Louis J. Anthony filed peremptory exceptions of no cause of action and no right of action and a dilatory exception of want of procedural capacity. He also filed, on January 10, 1973, a motion for a temporary restraining order restraining plaintiffs from interfering with his right to return to Southern University, and a rule for a preliminary injunction to the same effect, and for damages for the wrongful issuance of the temporary *282 restraining order as to him. Mr. Anthony's request for a temporary restraining order was denied, and his rule for the preliminary injunction and damages set for trial on January 12, 1973. The exceptions of no cause of action and no right of action were referred to the merits, and the exception of want of procedural capacity was overruled.
Trial of the rule commenced on January 9, 1973, and lasted until February 1, 1973, when the matter was submitted and taken under advisement by the Trial Court. On February 6, 1973, for written reasons, a preliminary injunction was issued against Charlene Hardnett, Ricky Hill, Nathaniel Howard, Herget Harris, Paul Shivers and Frederick Prejean, enjoining them from entering on the campus, harassing other students or members of the faculty or in any manner disrupting or interfering with the operation of the university. The preliminary injunction was denied as to Louis J. Anthony, Donald Mills and Willie T. Henderson, and the suit against them dismissed. Since the case was not before the Court on its merits, we interpret the latter language as a dismissal of the rule for the preliminary injunction only. The Court further recalled the rule for preliminary injunction brought by Mr. Anthony. The judgment makes no disposition of the peremptory exceptions filed by Mr. Anthony, which had been referred to the merits, nor does it dispose of his prayer for damages.
From that judgment, appeals have been taken by Charlene Hardnett, Ricky Hill, Nathaniel Howard, Herget Harris, Paul Shivers, Frederick Prejean, and Louis J. Anthony.
With respect to the appeal of Frederick Prejean, we note that same was granted to him conditioned on his filing an appeal bond in the amount of $2,500.00. No bond has been filed by him, and we are consequently without jurisdiction to entertain his appeal. LSA-CCP Articles 2087, 2088, Dion v. Knap, 242 So.2d 847 (La. App. 1st Cir. 1970). The appeal of Frederick Prejean is therefore dismissed at his costs.
With respect to the appeal of Louis J. Anthony, we note a number of assignments of error. First, he complains of the failure of the Trial Court to sustain his exceptions of no cause of action, no right of action and want of procedural capacity. The two peremptory exceptions have not as yet been decided by the Trial Court. In any event, had they been overruled, the judgment to that effect would be interlocutory and not appealable prior to the appeal of the judgment on the merits. The same is true of the judgment overruling the exception of want of procedural capacity. We find this assignment of error to be without merit.
Secondly, Mr. Anthony complains of the failure of the Trial Court to grant him a new trial. A motion for a new trial shall be granted of right (LSA-CCP Article 1972) or may be granted by discretion (LSA-CCP Article 1973). Under Article 1972 (1) LSA-CCP, a new trial shall be granted of right on contradictory motion of any party where the judgment appears clearly contrary to the law and the evidence. As we further explain below, the judgment of the Trial Court Judge is in accord with, not contrary to, the law and the evidence.
In the instant case, Article 1972 (2) and (3), LSA-CCP are inapplicable insomuch as no new evidence has been offered in this non-jury case. Therefore, when the peremptory basis for the mandatory allowance of new trial cannot be established according to Article 1972 LSA-CCP, the Trial Court is given wide discretion in granting or denying the motion for same:
"A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." (LSA-CCP Article 1973).
There is nothing in the record which would indicate that the Trial Judge abused *283 his discretionary power by refusing to grant a new trial.
Third, he complains of the failure of the Trial Court to grant him the permanent injunctive relief sought by him against plaintiffs. Of course, the question of a permanent injunction can be decided only after trial on the merits, which has not yet taken place. Since Mr. Anthony was not enjoined from attending Southern University, there is no necessity for any interlocutory relief on his behalf, and we find no abuse of discretion by the Trial Judge in refusing that relief.
Fourth, Mr. Anthony complains of the failure of the Trial Court to award him damages for the alleged wrongful issuance of the temporary restraining order as to him. Even if Mr. Anthony could sue the State Board of Education for damages, despite the provisions of Article 3, Section 35, and Article 19, Section 26 of the Constitution of 1921, we would be unable to grant same. The record makes it clear that Mr. Anthony was as prominent and active in the Students United Movement on the Southern campus as the defendants who were enjoined herein. He was not enjoined only because he expressed his willingness to resume his education without indulging in further disruptive acts. We find that the temporary restraining order was not improvidently issued, and that Mr. Anthony is therefore not entitled to damages.
The appeal of Charlene Hardnett, Ricky Hill, Nathaniel Howard, Herget Harris, and Paul Shivers relates to the issuance of the preliminary injunction against them.
As pointed out above, the hearing held below was on the rule for a preliminary injunction. There has not as yet been a trial on the merits of the case. It is settled law in this state that a preliminary injunction is "interlocutory in nature, designed to preserve the status quo until a determination can be made on the merits of the controversy. It may issue on a prima facie showing by the plaintiff that he is entitled to the relief sought, and that he would suffer irreparable injury if it is not granted." Melancon v. Assumption Parish Police Jury, 231 So.2d 690 (La.App. 1 Cir. 1970). The issuance of a permanent injunction takes place only after trial on the merits, in which the burden of proof must be founded on a preponderance of the evidence, rather than a prima facie showing. Irreparable injury is one for which the party injured cannot be adequately compensated in damages, or for which the damages cannot be measured by a pecuniary standard. Melancon v. Assumption Parish Police Jury, supra.
The preliminary injunction issued herein on the finding of the Trial Court that (1) Educational and administrative functions at Southern University had been brought to a standstill by the activities of a large number of students; (2) that those students against whom the preliminary injunction issued were the leaders of those students who carried out the disruptive activities and that they participated therein; and (3) that the students enjoined evinced an intention to continue those activities should they be permitted to return to the campus.
These findings, if supported by the record, are certainly sufficient to satisfy the legal requirements for issuance of a preliminary injunction, as set forth in the Melancon case, supra.
The record clearly supports the first conclusion. Because of the occupations of administrative buildings and offices, wholesale boycott of classes, sizable demonstrations, interruptions of classes, burning and destruction of university property and similar activities, the normal educational processes of the university were effectively brought to a halt.
It is further clear, not only from the testimony of plaintiffs' witnesses, but from the testimony of these defendants themselves, that they were among the leaders in *284 the student protest movement, and that they personally participated in some of the disruptive activities. We find no error in the conclusion of the Trial Judge that these defendants would in all probability continue their activities if not enjoined from returning to the campus. Judging from the marked success of the boycott of classes, and other tactics employed by the students, it is not unreasonable to conclude that a continuation of the activities of these defendants would result in a serious disruption of educational and administrative routine at Southern University.
As of the time of the trial of the rule, classes had resumed at Southern University, and we think it far better that the educational process continue, and that the status quo be maintained in that respect, pending the final resolution of the issues presented herein at a trial on the merits. The injury which might otherwise be suffered by the university and by those students who wish to continue their educations is clearly irreparable in the legal sense.
Defendants claim that plaintiff is not entitled to the relief sought because there are administrative remedies provided which have not been utilized by the University. It is true that, as a general rule, administrative remedies must be exhausted before recourse may be had to the courts. However, it is also true that when irreparable injury might otherwise result, administrative remedies may be bypassed and the jurisdiction of the court may be invoked, although the courts are traditionally reluctant to interfere in the internal affairs of administrative bodies. See O'Meara v. Union Oil Co. of California, 212 La. 745, 33 So.2d 506 (1947).
We further recognize that the defendants have been effectively expelled or suspended from Southern University as a result of the issuance of the temporary restraining order and the preliminary injunction, and that they were afforded no hearing prior to the issuance of the former. However, the trial of the rule for the preliminary injunction began within ten days of the issuance of the restraining order, and this trial has certainly satisfied all constitutional requirements for a hearing. Such action is justified when necessary to protect the safety and well being of students, faculty and university property. See Stricklin v. Regents of University of Wisconsin, 297 F.Supp. 416 (D.C.1969). Esteban v. Central Missouri State College, 415 F.2d 1077 (C.A. 8th Cir. 1969), cert. den. 398 U.S. 965, 90 S.Ct. 2169, 26 L.Ed.2d 548 (1970).
We think that the exigencies of this case bring it within the exceptions to the rules above stated, that constitutional requirements of due process have been satisfied, and that plaintiff is entitled to the relief sought herein.
The other questions raised by defendants in this appeal must be decided at a trial on the merits and are not properly before the Court in the present procedural posture of the case.
The judgment appealed from is therefore affirmed, and the case remanded to the Trial Court for further proceedings in accordance with law. All costs of this appeal are to be borne by the appellants. All other costs will await the final determination of this cause on its merits.
Judgment affirmed and remanded.