425 So.2d 947 (1983)
NEW ORLEANS FEDERAL SAVINGS AND LOAN ASSOCIATION
v.
Harry LEE, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, and A. Mason Barnes, III.
No. 5-341.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1983.
*948 Edwards & Loeb, David C. Loeb, Gretna, for plaintiffs-appellees.
Santo A. Dileo, New Orleans, for defendant-appellant.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
GRISBAUM, Judge.
In this case, the holder of a collateral mortgage sued to enjoin the sale at public auction of the mortgaged property. The trial court granted a permanent injunction against sale of the land. Appellant, New Orleans Federal Savings and Loan Association, claims the permanent injunction was improperly granted and their collateral mortgage outranked the judicial mortgage which the land was being sold to satisfy. Because we reverse on the initial issue we do not reach the issue of ranking.
On August 9, 1979 Southern Investors Property Management (Southern) recorded a $150,000 act of collateral mortgage against land owned by mortgagee Gulf South Bank. In February of 1980 Gulf South loaned Southern $100,000 represented by a hand note and secured by the $150,000 collateral mortgage. On March 27, 1981 A. Mason Barnes III was awarded judgment against Southern for $6,000, which judgment was recorded on May 11, 1981. On May 20, 1981 Southern received a loan from New Orleans Federal for $300,000, $114,578 of which was used to pay off Gulf South. On March 3, 1982 property belonging to Southern was sold at public auction by the Sheriff to satisfy the judicial mortgage of Barnes, but for less than was necessary to satisfy the mortgage of New Orleans Federal. New Orleans Federal filed for a temporary restraining order, a preliminary injunction, and a permanent injunction to stop the Sheriff from transferring the property. On March 15, 1982 the temporary restraining order was signed and on March 24 judgment was signed in favor of New Orleans Federal against Harry Lee, Sheriff and Mason Barnes, granting a permanent injunction against the sale of Southern's property.
The permanent injunction was improperly issued. In the order granting the temporary restraining order, the court ordered a hearing on the preliminary injunction be held March 15, 1982.
It is from that hearing set on the preliminary injunction that the permanent injunction was granted. The jurisprudence of this state has established the distinction between a preliminary injunction and a permanent injunction. A preliminary injunction is interlocutory in nature and designed to preserve the status quo until a determination can be made on the merits of the controversy. Consequently, a preliminary injunction may issue merely on a prima facie showing by the plaintiff that he is entitled to the relief sought and that he would suffer irreparable injury if the same is not granted. The issuance of a permanent injunction, however, takes place only after trial on the merits, in which the burden of proof must be founded on a preponderance of the evidence, rather a prima facie showing. Picard v. Choplin, 306 So.2d *949 918 (La.App. 3d Cir.1975); State Board of Education v. Anthony, 289 So.2d 279 (La. App. 1st Cir.1973).
As stated, the hearing held below was on a rule for a preliminary injunction. There has not as yet been a trial on the merits of the case. At the hearing, only the appellee called witnesses. It is not known whether the appellant would have introduced evidence of its own had it been a trial on the merits. Also, it is not known whether the judgment of the trial court was based on a decision that the case had been proven by a prima facie showing or by a preponderance of the evidence.
A permanent injunction should not be granted unless the parties know their case is to be tried on the merits and have an opportunity to prove or defend their case on a preponderance of the evidence.[1] Therefore, the judgment of the trial court can only be considered as having granting a preliminary injunction.
For the reasons assigned, the judgment of the trial court is reversed and the case is remanded for a trial on the merits.
REVERSED AND REMANDED.
NOTES
[1] There is no indication in the record that the parties stipulated to allowing the hearing on the preliminary injunction serve as one on a permanent injunction.