WRIT GRANTED AND MADE PEREMPTORY
This is a tort action for damages by Jimmy A. Stelly and his wife, Sylvia M. Stelly, against Elizabeth A. Richardson Dismukes and her liability insurer, Fidelity and Casualty Company of New York, following a January 13,1982, accident when an automobile driven by Sylvia M. Stelly slid on a snowy, icy street into a telephone pole, purportedly to avoid a collision with a car driven by Elizabeth Dismukes which was traveling in the same direction as Mrs. Stelly. The Stelly car and the Dismukes car were traveling on a two-lane one-way street in Opelousas, Louisiana. The vehicles did not collide. The case was tried to a jury which after deliberation rendered the following special verdict:
“ I. Was the defendant, Elizabeth Richardson Dismukes at fault which was a proximate cause of the injuries that were received by the plaintiff?
(yes or no) _NO_
II. Was Sylvia Stelly guilty of negligence which contributed to her own injuries and damages?

(yes or no) YES

III. Allocate the degree of defendant’s fault and the plaintiff’s negligence, if any, in terms of percentages: NOTE: If you find no fault or no negligence with respect to any of the parties please place “0” (zero) percentage after the name or names.

A. Fault of Elizabeth Richardson Dismukes

-0- %

B. Negligence of Sylvia Stelly.

100 %

(The above must total 100%)

100 %”

Judgment was rendered on the 4th day of March 1983, in accordance with the jury verdict, dismissing plaintiffs’ suit with prejudice and at their cost. Thereafter, plaintiffs moved for a judgment notwithstanding the verdict, and, alternatively, for a new trial pursuant to C.C.P. Article 1810.1. The trial court, for written reasons assigned, rejected plaintiffs demand for a judgment notwithstanding the verdict but, utilizing its discretionary powers under LSA-C.C.P. Article 1973, set aside the jury’s verdict and granted plaintiffs a new trial. Defendants subsequently applied to this court for a writ of certiorari to the end that the validity of the trial court’s order granting a new trial be ascertained.
For the reasons which follow we grant the writ applied for and rescind the trial court’s order dated May 2, 1983 which annulled and set aside the judgment rendered and signed in the captioned matter on March 4, 1983 and which granted plaintiffs a new trial.
The trial judge granted plaintiffs’ motion for new trial solely on discretionary and not peremptory grounds. It is well settled that the trial court’s action in granting or refusing a motion for a new trial, pursuant to LSA-C.C.P. Article 1973, should not be interfered with on appeal absent a clear showing that the trial court abused its much discretion. DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (La.1951); State Board of Education thru Southern University etc. et al v. Anthony, 289 So.2d 279 (La.App. 1st Cir.1974), writ denied, 292 So.2d 246 (La.1974). Stated another way, a trial court has, pursuant to LSA-C.C. Article 1973, virtually unlimited discretion to order a new trial when it is convinced that a miscarriage of justice has resulted. Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir.1981); Renz v. Texas and Pacific Railway Company, 138 So.2d 114 (La.App. 3rd Cir.1962), writ refused, April 30, 1962.
The trial court rendered written reasons for judgment in support of its grant of a *198 new trial. In its written reasons for judgment, the trial court readily conceded that the issues presented for the jury’s determination were purely factual, and centered on the credibility of the witnesses.[1] The trial judge further opined that although his decision may have been different the factual determinations and inferences made by the jury were not unreasonable. In spite of these conclusions, the trial judge granted a new trial reasoning:
"... to the extent that an injustice may have occurred, the court, utilizing its discretionary powers under C.G.P. — art. 1973, will set aside the jury's verdict and grant plaintiff a new trial”. (Emphasis supplied)
In the instant case, it is made clear from the trial judge’s own reasons for judgment that he was not convinced that the jury’s verdict in favor of defendant constituted a miscarriage of justice. Under such circumstances, we conclude that he erred in granting plaintiffs’ motion for a new trial. A new trial motion should not be granted pursuant to the discretionary authority allowed by LSA-C.C.P. Article 1973 where the trial judge can only speculate that an injustice may have occurred. In our view, new trials on discretionary grounds should be limited to situations where the record demonstrates a probable injustice in the court’s judgment or the jury’s verdict.
For the above and foregoing reasons, the judgment of the trial court dated May 2, 1983 is reversed and set aside and judgment is rendered denying plaintiffs’ application for new trial and ordering a reinstatement of the trial court’s judgment dated March 4, 1983.

. The central factual issue concerned whether the Dismukes vehicle encroached into Stelly’s lane of travel immediately prior to the accident. The trial judge concedes in his written reasons for judgment that the jury must have resolved this issue against the plaintiffs.