GRISBAUM, Judge.
This appeal arises out of an action for injunctive relief. We set aside and remand.
The procedural history reflects that in response to the petition filed by the plaintiff for a preliminary injunction the defendants filed an exception of no cause of action on October 19, 1987 and an exception of prescription on November 9, 1987, along with a motion for summary judgment. Thereafter, the trial court set a hearing date specifically for the exceptions and motion for summary judgment, which was held on February 11, 1988. The trial court then rendered what appears to be a judgment on the merits, which, in effect, grants a permanent injunction. This suspensive appeal resulted.
The sole issue presented is whether the trial court erred in rendering a judgment on the merits following its setting a hearing on exceptions and the motion for summary judgment arising out of a suit seeking injunctive relief.
Our statutory scheme found in the Louisiana Code of Civil Procedure regarding summary judgment is quite basic and provides:
Art. 966. Motion for summary judgment; procedure
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C.A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
(emphasis added.)
Art. 967. Same; affidavits
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt.
*527 Art. 968. Effect of judgment on pleadings and summary judgment
Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover’s right to the relief not granted on motion.
An appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.
We note the trial court, in its March 24, 1988 judgment, in part, states:
This Court finds as a matter of fact that the restrictive covenants of the subdivision are not invalid nor are they breached on the occasions noted by Defendant. This Court requested to visit the area in question and finds that none of the parties who have applied for occupational licenses are in fact in violation of the subdivision restrictive covenants and none have signs (including Defendants) in their yards advertising any business address, (emphasis added.)
The trial court based its judgment on findings of material fact, which violates the express provisions of our statutes. Moreover, the judgment was rendered in favor of a party that did not file a motion for summary judgment.
We also note the plaintiff’s petition is styled as a petition for injunctive relief. This Court in New Orleans Federal Savings and Loan Ass’n v. Harry Lee, et al, 425 So.2d 947, 948-49 (La.App. 5th Cir.1983) clarified our statutory scheme for injunctive relief by stating:
The jurisprudence of this state has established the distinction between a preliminary injunction and a permanent injunction. A preliminary injunction is interlocutory in nature and designed to preserve the status quo until a determination can be made on the merits of the controversy. Consequently, a preliminary injunction may issue merely on a prima facie showing by the plaintiff that he is entitled to the relief sought and that he would suffer irreparable injury if the same is not granted. The issuance of a permanent injunction, however, takes place only after trial on the merits, in which the burden of proof must be founded on a preponderance of the evidence, rather [than] a prima facie showing. Picard v. Choplin, 306 So.2d 918 (La.App. 3d Cir.1975); State Board of Education v. Anthony, 289 So.2d 279 (La.App. 1st Cir.1973).
[[Image here]]
A permanent injunction should not be granted unless the parties know their case is to be tried on the merits and have an opportunity to prove or defend their case on a preponderance of the evidence, (emphasis added and footnote omitted.)
This record demonstrates that the trial court’s judgment totally ignores our statutory scheme for injunctive relief. Moreover, the trial court’s judgment also managed to emasculate our legislative scheme for summary judgment. There is no doubt this judgment is entirely inappropriate and illegal; commonsensibly, it must be vacated. Accordingly, we set aside the trial court’s judgment of March 24, 1988 and remand the matter for further proceedings consistent with our Louisiana Code of Civil Procedure. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.