666 So.2d 1237 (1996)
WELLTECH, INC.
v.
Peter J. ABADIE, Jr., B. Wayne Summers and Robert A. Parma.
No. 95-CA-676.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1996.
Rehearing Denied February 16, 1996.
*1238 John E. Seago, Peter J. Carmichael, Waguespack, Seago & Carmichael, Baton Rouge, for Defendant/Appellee, Peter J. Abadie, Jr.
David C. Loeb, Daniel E. Zelenka, II, Molaison, Price & Loeb, Gretna, for Plaintiff/Appellant, WellTech, Inc.
Before BOWES and DUFRESNE, JJ., and REMY CHIASSON, J. Pro Tem.
BOWES, Judge.
WellTech, Inc. appeals to this Court from a judgment of the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson, Louisiana which granted a preliminary injunction in favor of Peter J. Abadie, Jr. and against plaintiff/appellant, WellTech, Inc., enjoining it from continuing to pursue the garnishment or seizure of proceeds from certain annuity policies of Abadie and effectively exempting from seizure these certain annuity policies.
We affirm the decision of the trial court granting the preliminary injunction for the following reasons.

PROCEDURE
WellTech, plaintiff/appellant herein, filed suit in Texas against Peter J. Abadie, defendant herein, B. Wayne Summers and Robert A. Parma, seeking rescission of a stock purchase agreement under the Texas Securities Act in matter No. 92-054719 entitled WellTech, Inc. v. Peter J. Abadie, et al., No. 92-054719 in the 234th Judicial District Court, Harris County, Texas. After a three day judge trial, the Texas court granted judgment in favor of WellTech, Inc. and against Abadie and his co-defendants, jointly and severally, in the principal amount of $1,583,992.46, together with post-judgment interest and attorney fees. Abadie filed an appeal in Texas from that judgment which is currently pending. However, Abadie did not file a "supersedeas bond," which is required to suspend the execution of the judgment in the Texas courts.
On August 22, 1994, WellTech, Inc. filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson in matter No. 467-749 to make the Texas judgment executory, pursuant to La.R.S. 13:4241the Uniform Enforcement of Foreign Judgments Act. Defendant, Peter J. Abadie filed an answer, petition for rule nisi and reconventional demand in those proceedings, seeking to have the Twenty-Fourth Judicial Court refuse to enforce the Texas judgment. On March 10, 1995, the Jefferson trial court rendered judgment in favor of WellTech and against Abadie, finding that the Texas judgment was enforceable and dismissing the rule nisi filed by Abadie.[1]
*1239 On March 30, 1995, WellTech petitioned for garnishment directed to Electric Capital Assurance, American Mutual Life, and TransAmerica Occidental Life, (garnishees) seeking to garnish payments made to Mr. Abadie from certain annuity policies. Abadie, as judgment debtor, filed a petition for intervention, requesting an injunction and temporary restraining order, enjoining the garnishments. The temporary restraining order was granted and a hearing was set on the preliminary injunction. On May 16, 1995, the trial court granted the preliminary injunction, finding that the annuities were exempt from seizure under La.R.S. 13:3881(D). WellTech appeals, herein, alleging that the trial court erred in finding that the payments to Abadie are exempt from seizure.

ANALYSIS
The payments sought to be garnished by WellTech are payments from various annuity policies purchased with funds representing attorneys fees owed to Abadie for services he rendered in representing clients. We hold that it is clear, under Louisiana statutory authority, that payments made under annuity policies are exempt from the seizure attempted herein.
La.R.S. 13:3881(D)(1) provides:
The following shall be exempt from all liability for any debt except alimony and child support: all pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon.
[Emphasis supplied].
La.R.S. 20:33 states that:
The following shall be exempt from all liability for any debt except alimony and child support:
(1) All pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon. No contribution shall be exempt if made less that one calendar year from the date of filing for bankruptcy, whether voluntary or involuntarily, or less than one calendar year from the date writs of seizure are filed against such account or plan.
[Emphasis supplied].
La.R.S. 22:647(B) provides:
The lawful beneficiary, assignee, or payee, including the annuitant's estate, of an annuity contract, heretofore or hereafter effected, shall be entitled to the proceeds and avails of the contract against the creditors and representatives of the annuitant or the person effecting the contract, or the estate of either, and against the heirs and legatees of either such person, saving the rights of forced heirs, and such proceeds and avails shall also be exempt from all liability for any debt of such beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use.
[Emphasis supplied].
Thus, it is apparent to us and we hold that these payments, made pursuant to annuity policies, are exempt from seizure by plaintiff and WellTech may not cause same to be garnished to satisfy the judgment against Abadie.
WellTech argues that the annuities in this case are merely payment for services, and *1240 not qualified retirement planning strategies and, therefore, should not be exempt from seizure. In support of its position, WellTech relies on the decision in the case of In the Matter of Young, 806 F.2d 1303 (5th Cir. 1987).
In the Young case, the court addressed the issue of whether attorney fees paid in the form of an annuity were exempt from inclusion in a bankruptcy estate under the provisions of Louisiana law.
The facts of that case reflected that Young was counsel of record in a personal injury case. As part of a structured settlement agreement, he was to receive $25,000.00 immediately and monthly payments for the next fourteen years. The monthly payments were to come from an annuity contract, executed for the benefit of Young. Subsequently, Young filed for bankruptcy under Chapter Seven of the U.S.C.A. He sought to exclude the payments from the annuity from the bankruptcy estate, alleging that these payments were exempt under Louisiana law. The U.S. Fifth Circuit was faced with the question of whether the annuity payments were exempt, or were part of the bankrupt's estate as accounts receivable. First, the court examined the difference between a true annuity and an account receivable:
The court said:
An `annuity' is a `right to receive fixed, periodic payments, either for life or for a term of years,' whereas an `account receivable' is a `claim against a debtor usually arising from sales or services rendered.' Black's Law Dictionary 82, 17 (5th ed. 1979); see also In Re Howerton, 21 B.R. 621, 623 (Bankr.N.D.Tex.1982) (`an annuity is essentially a form of investment which pays periodically during the life of the annuitant or during a fixed term by contract rather than on the occurrence of a future contingency'). While the payments Debtor claims to be exempt are, strictly speaking, an `annuity,' they are also `accounts receivable.' We must, therefore, pierce the veil of this arrangement to determine its true nature.
We have been unable to find any court that has identified the exact point at which an account receivable becomes an annuity deserving exemption under Louisiana law. In Beisel [Commonwealth] v. [Beisel] Commonwealth, 338 Pa. 519, 9 [13] A.2d 419, 421 (1940), however, the Pennsylvania Supreme Court provided some instructive words on the difference between an annuity and an account receivable and said:
Its determining characteristic is that the annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived. The purchaser of an annuity surrenders all right and title in and to the money he pays for it. On the other hand, where a debtor agrees to pay his credit installments at regular intervals, the debt or principal sum itself is due to the creditor although payable only in the manner agreed upon; it is an `account receivable' in which he has a property interest. Therefore, installment payments of a debt, or payments of interest on a debt, do not constitute an `annuity.'
The court then stated:
`It is the substance of the arrangement, rather than the label affixed to it, that determines whether the payments are exempt under the Louisiana statutes as proceeds from an annuity, or accounts receivable, and part of the bankruptcy estate.'
After consideration of the arrangement, the Fifth Circuit held that the arrangement was in the nature of an "account receivable," because Young retained an interest in the principal until the debt was extinguished in fourteen years.
In the case before us, evidence was presented to show that the amounts of attorney fees owed to Abadie by his clients were used to purchase three annuities and a partial assignment of a fourth annuity. Abadie has no interest in the principal amounts, which were used for the purpose of purchasing the annuities. Abadie has only the right to collect the monthly payments from these annuities. Most importantly, the annuities do not have a set maturity; they are payable for life and not for a set term as in the Young case. Finally, Abadie has released his clients from *1241 any further obligation for payment of attorney fees.
After the hearing on this matter, the trial court considered all the evidence and found that the arrangements made here constituted annuities and, therefore, they were exempt from seizure under La.R.S. 13:3881(D). In her oral reasons for judgment, the court said:
The Court believes that [Young] is factually distinguishable from the matter before the Court and the Court does not believe Mr. Abadie remains a creditor of his client. Mr. Abadie has released his client from legal fees that have been paid, so the injunction, the request for injunctive relief, will be granted.
We see no error in this determination of the trial court and agree that the case before us is distinguishable from Young, supra, and we are in agreement with the trial court's decision that the accounts sought to be garnished in this case are annuities and are, therefore, exempt from seizure under the circumstances of this case. Accordingly, we hold that the trial court did not err in issuing a preliminary injunction prohibiting WellTech from garnishing the payments on these annuity policies.
WellTech argues that these payments are in the nature of accounts receivable, and to classify same as annuities creates a great loophole in the garnishment laws. However, if this is so, it is the legislature that created the loophole and it is up to the legislature, not the courts, to close it if such is their will. La.R.S. 13:3881(D)(1) provides that ALL proceeds and payments under annuity plans shall be exempt from ALL liability, EXCEPT alimony and child support. Logic and the rules of English grammar construction tell us that the word all is inclusive of every thing, other than that which is specifically excepted. If the legislature had intended for certain kinds of annuities to be exempt from seizure in instances other than to pay alimony and child support, then certainly it would have named them in the exceptions along with the exceptions for payment of alimony and child support. Obviously, the legislature did not do this, so we can only conclude that the use of the word all means exactly that that all annuities are exempt from seizure.
We note that Abadie argues in his brief that there were funds which were seized from his checking account which consisted of annuity benefits and that these funds should be returned to him. We find nothing in the record to show that this issue was presented to and considered by the trial judge. In addition, we find no motion for appeal from any judgment of the trial court of this type filed by Abadie, nor do we find any answer filed by Abadie in this Court pursuant to La.C.C.P. art. 2133. Accordingly, this issue is not properly before us and we decline to address it.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant, WellTech, Inc.
AFFIRMED.
DUFRESNE, J., concurs.
DUFRESNE, Judge, concurring.
I respectfully concur with the majority opinion. Although I agree that the statutes exempt all proceeds of and payments under annuity policies or plans, I write this concurrence only to urge that the arrangement in this case creates a loop-hole that never was intended to be.
Such a scheme or plan needs to be addressed by the legislature, otherwise anyone who is owed a substantial sum of money or obtains an award or judgment can have the proceeds placed out of reach of his creditors.
NOTES
[1] Abadie filed an appeal from that ruling. This Court, on the same date as the date of this opinion affirmed the decision of the trial judge finding that the Texas judgment was enforceable. See WellTech, Inc. v. Peter J. Abadie, Jr., et al, 95-620, 666 So.2d 1234 (La.App. 5th Cir. 1996).