683 So.2d 809 (1996)
WELLTECH, INC.
v.
Peter J. ABADIE, JR., B. Wayne Summers and Robert A. Parma
No. 95-CA-676.
Court of Appeal of Louisiana, Fifth Circuit.
October 1, 1996.
John E. Seago, Peter J. Carmichael, Waguespack, Seago & Carmichael, Baton Rouge, for Defendant/Appellee, Peter J. Abadie, Jr.
David C. Loeb, Daniel E. Zelenka, II, Molaison, Price & Loeb, for Plaintiff/Appellant, WellTech, Inc.
Before BOWES, DUFRESNE and DALEY, JJ.

ON REMAND FROM THE LOUISIANA SUPREME COURT
BOWES, Judge.
This case returns to us by a remand from the Supreme Court to consider whether the obligations of the Intermediaries to Abadie are exempt from seizure under La. R.S. 13:3881(D).[1]
*810 The facts of this case are as follows:
WellTech, Inc., plaintiff/appellant herein, obtained a judgment against Peter J. Abadie, defendant herein, and others, jointly and severally, in the principal amount of $1,583,992.46, together with post-judgment interest and attorney fees. This judgment was made executory in this state by judgment of the Twenty-Fourth Judicial District Court for the Parish of Jefferson in matter No. 467-749, which was affirmed by this Court. See WellTech, Inc. v. Abadie, 95-620 (La.App. 5 Cir. 1/17/96), 666 So.2d 1234.
On March 30, 1995, WellTech filed petitions for garnishment directed to Electric Capital Assurance, American Mutual Life, and TransAmerica Occidental Life, (garnishees) seeking to garnish payments made to Mr. Abadie from certain annuity policies issued by these companies. These annuities were purchased by third parties (Intermediaries who were insurance companies) and designated Abadie as the monthly beneficiary of the proceeds. Abadie, as judgment debtor, filed a petition for intervention, requesting an injunction and temporary restraining order, enjoining the garnishments. Subsequently, the trial court granted the preliminary injunction, finding that the annuity policies were exempt from seizure under La. R.S. 13:3881(D), supra. WellTech appealed and under the facts of this case sought reversal of the trial court's decision holding that the annuities were exempt from seizure.
At some point in the proceedings below, WellTech also filed petitions of garnishment against the Intermediary parties (insurance companies) who had purchased the annuities. These petitions are not in the record designated for appeal and before us now; and the judgment on appeal to this Court is silent with respect to any obligations owed by any intermediaries. Nevertheless, despite the fact that the garnishments directed to the Intermediaries are not in the record on appeal, and despite the fact that there is no judgment concerning this issue in the record on appeal, WellTech, Inc., in a reply brief filed in this Court, argued that:
WellTech filed garnishment proceedings against the Intermediaries identified in its Original Brief
and that
WellTech seeks to garnish the obligations of the Intermediaries to make the periodic payment for attorneys fees.
In support of this argument, WellTech made reference to exhibits attached to its brief which are not in the record on appeal (namely the petitions for garnishment against the Intermediaries, the garnishment interrogatories to the Intermediaries and the responses to those interrogatories). Accordingly, this Court rendered judgment only on the sole issue actually presented to it, namely, whether the annuities were subject to seizure; and in reliance on La. R.S. 13:3881(D), supra, affirmed the decision of the trial court enjoining the seizure of the proceeds of the annuities payable to Abadie. See WellTech, Inc. v. Abadie, 95-676 (La. App. 5 Cir. 1/17/96), 666 So.2d 1237.
WellTech then filed a motion for a rehearing, requesting that we consider the issue of the question of whether the obligations of the Intermediaries were subject to seizure, even though judgment on that issue had not and has not been rendered by the trial court.[2] Attached to the motion for rehearing was a judgment of the trial court denying a motion for contempt filed by Abadie and reasons for that judgment in which the court stated that:
While these intermediaries may not have been specifically delineated in the May 16, 1995 judgment, it is the opinion of this Court that all parties involved should *811 have inferred that these intermediaries were to be included within the protection of the injunction. To infer otherwise, would have the practical effect of rendering the injunction judgment without effect. Serving garnishment interrogatories on the intermediaries resulted in the disruption of the collection of such proceeds and payments of such annuity policies by (sic) Mr. Abadie.
At no time did WellTech cause the record on appeal to be supplemented with the pleadings and judgment to which it referred in its reply brief and/or its application for rehearing. Accordingly, this Court denied the application for rehearing.
WellTech then sought relief from the Louisiana Supreme Court, who granted same, stating that:
The decision of the court of appeal is vacated, and the case is remanded to the court of appeal to consider whether the obligations of the Intermediaries to Abadie are exempt from seizure by La. R.S. 13:3881(D).

ANALYSIS
WellTech has suggested that the obligations of the intermediaries are different from the payments made to fulfill these obligations and, therefore, the obligations are subject to seizure although the payments made to discharge those obligations are not. We have previously held that the funds used to meet these obligations are annuity payments, and are not subject to seizure under our current law. We see no practical distinction between the obligation and the payment on that obligation and we again affirm the decision of the trial judge.
Briefly, the facts are that Mr. Abadie is a personal injury attorney who represented certain plaintiffs in tort suits. On four occasions, Abadie settled litigation on behalf of his clients. In each case, the obligation to pay Abadie's attorney fees was transferred to the Intermediaries (insurance companies), and each Intermediary purchased an annuity policy, the proceeds of which were used to meet these obligations. In one case, Abadie accepted a partial assignment of the obligation the Intermediary owed to the plaintiff (Trufant Settlement) and in the other three cases, a separate assignment was made regarding the fees owed to Abadie.
Each contract evidencing these obligations provide that the Intermediary is to assume the obligation of each defendant/obligor, to the plaintiff and/or to plaintiff's attorney, Abadie. Further, each Intermediary will fulfill this obligation by payment of a set monthly amount for the life of Mr. Abadie. Each contract further provides that each Intermediary is not required to set aside funds for Abadie, or to otherwise secure their obligation to him, and that Abadie has no right to accelerate, decelerate, increase or decrease the amount of any payment to be made under the agreement. Each Intermediary can meet its obligation by the purchase of an annuity, and that the obligee (Abadie) has no ownership of the annuity and no control over the annuity in any manner. The annuity contracts reflect that the Intermediary purchased an annuity, with a single premium, (undisclosed) and that said annuity was payable for life only.
It is true that each Intermediary had assumed the obligation to pay attorney fees to Abadie. It is equally true that, in order to meet these obligations, each Intermediary purchased an annuity which will pay to Abadie the amount owed, that being the set amount monthly for the remainder of Abadie's life (with exception of the Trufant Settlement, in which the Intermediary purchased one annuity to satisfy the obligation owed to the plaintiff, who assigned 40% of those annuity proceeds to Abadie). It is also true that the payment of these obligations, being payments from annuities purchased by the intermediaries are exempt from seizure. At this time, each Intermediary has discharged its obligation to pay monthly through the annuity paymentit would be only as a result of some future occurrence that the Intermediaries might again become responsible for payments to Abadie.
Without a doubt, annuity payments are not subject to garnishment. La. R.S. 13:3881(D). In addition, annuity payments are not subject to seizure by creditors. La. *812 R.S. 20:33; Allison v. FDIC, 817 F.Supp. 630 (M.D.La.1993). It is clear that the Louisiana Legislature intended to exempt the proceeds and avails of annuities from any seizure. See Allison v. FDIC, supra.
As the trial court noted in her reasons for judgment on the motion for contempt, the garnishment of "obligations" of the annuities in effect garnished the annuity payments, an action clearly prohibited by the Louisiana legislature. La. R.S. 13:3881(D), supra.
Furthermore, the very wording of the obligations assumed by the Intermediaries suggest that these are "annuity payments." Each obligation provides for the payment of a set sum, for the life of the obligee (with the exception of the Trufant Settlement, which has a term). Although each provides that the obligee has the "rights of a general creditor," in each case, the obligee cannot accelerate, defer, increase or decrease, or otherwise change the nature of the payment made, and in each case the obligor is not required to secure the payment of these funds.
Accordingly, we reiterate our previous holding that the obligations of the Intermediaries, which are discharged by the annuity payments, should be and are properly included in the preliminary injunction which prohibits the seizure of the annuity payments. To hold otherwise would result in the seizure of the payments themselves, which, as observed above, is clearly prohibited by the Louisiana legislature in La. R.S. 13:3881(D), supra. We recognize that this creates an unintended "loophole" in the law. However, the courts are powerless to change a clear enactment or wording of a statute; rather this is an issue which needs to be addressed by the legislature.
Since the Supreme Court vacated our decision set forth in our opinion of January 17, 1996 date and remanded the case to us to consider the issue of the intermediaries, we now reaffirm the decision of the trial court in this matter insofar as it finds that the annuities are exempt from seizure, and we supplement and amend the trial court's decision to hold that the obligations of the intermediaries as are also exempt from seizure.
SUPPLEMENTED, AMENDED AND AFFIRMED.
DUFRESNE, J., concurs.
DUFRESNE, Judge, concurring.
I reiterate my concurrence from the original opinion.
I respectfully concur with the majority opinion. Although I agree that the statutes exempt all proceeds of and payments under annuity policies or plans, I write this concurrence only to urge that the arrangement in this case creates a loop-hole that never was intended to be.
Such a scheme or plan needs to be addressed by the legislature, otherwise anyone who is owed a substantial sum of money or obtains an award or judgment can have the proceeds placed out of reach of his creditors.
NOTES
[1] La.R.S. 13:3881(D):

The following shall be exempt from all liability for any debt except alimony and child support: all pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon.
No contribution shall be exempt if made less than one calendar year from the date of filing for bankruptcy, whether voluntary or involuntary, or less than one calendar year from the date writs of seizure are filed against such account or plan.
[2] The judgment of December 5, 1995, and the reasons for judgment issued on December 4, 1995 (both after the appeal in this case was lodged on August 22, 1995), were presented to this Court for the first time in the application for rehearing filed by WellTech.