686 So.2d 1066 (1996)
S. Michael CASHIO
v.
Martin John TOLLIN and Gail Tollin.
No. 96-CA-613.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1996.
Writ Denied March 21, 1997.
S. Michael Cashio, Kenner, pro. per.
Roger J. Larue Jr., Metairie, for Defendants/Appellees.
Before GAUDIN, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit filed on behalf of S. Michael Cashio (Cashio) against Martin John Tollin and Gail Tollin (Tollin) on a promissory note. Judgment was rendered June 11, 1990 awarding Cashio $2,050 plus interest and attorney's fees. Cashio filed a petition for garnishment directed to Jamestown Life Insurance Company (Jamestown), American Empire Surplus Lines Insurance Company (American), and First Colony Life Insurance Company (First Colony) seeking the seizure of an alleged annuity.
The garnishee, First Colony, filed answers to interrogatories and urged the affirmative defenses of no cause of action and exemption under La.R.S.20:33. Regarding the exception of no cause of action, First Colony asserted it had no ownership in the annuity and that the Tollins likewise had no ownership but only a mere expectancy of ownership. First Colony moved to have claims against it dismissed.
Jamestown answered interrogatories stating it was the owner of the annuity as assignee of American and that First Colony remits a monthly check to the Tollins for $1,160. It asserted the affirmative defense that the annuity was exempt from seizure in accordance with La.R.S. 13:3881(D)(1).
The Tollins filed a motion to dismiss the garnishment proceedings directed to Jamestown asserting the annuity was exempt from seizure under La.R.S. 13:3881(D)(1). They also sought attorney's fees. The trial judge dismissed the garnishment directed to Jamestown and ordered Cashio to pay the Tollins $500 in attorney's fees for the wrongful seizure. Cashio now appeals and the Tollins have answered the appeal. We vacate the judgment and remand.
The trial judge relied on La. R.S.13:3881(D)(1) and this court's opinion in WellTech, Inc. v. Abadie, 95-676 (La.App. *1067 5th Cir. 1/17/96) 666 So.2d 1237.[1] In WellTech, Inc. v. Abadie, 95-676 (La.App. 5th Cir. 1/17/96) 666 So.2d 1237 we held that periodic payments to an attorney constituted an annuity rather than an accounts receivable and as such were exempt under La. R.S.13:3881(D)(1).[2]
La.R.S.13:3881(D)(1) provides in pertinent part:
A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
* * * * * *
D. (1) The following shall be exempt from all liability for any debt except alimony and child support: all pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon.
(2) No contribution shall be exempt if made less than one calendar year from the date of filing for bankruptcy, whether voluntary or involuntary, or less than one calendar year from the date writs of seizure are filed against such account or plan.
Cashio specifies the following errors on appeal:
1. The trial court granted a motion to dismiss garnishment proceedings, when such motion was really a disguised "motion for summary judgment," when material facts were at issue and where there was not sufficient proof offered by appellees to sustain their motion to dismiss, and
2. The trial court erred in entertaining the motion of defendants/appellees since they did not have the proper standing to bring such a motion to dismiss.
We note at the outset that the Tollins have stated a right of action since they allege receipt of monthly payments from the alleged annuity. Thus, they have a "real and actual interest" in filing a motion to dismiss the garnishment. La.Code Civ. Proc. art. 681; La. Paddlewheels v. La. Riverboat Gaming, 94-2015 (La.11/30/94) 646 So.2d 885, 888. Furthermore, in Welltech, supra it was the judgment debtor who sought to have the garnishment of an annuity enjoined.
At the hearing on the motion to dismiss Cashio objected to the proceeding and likened it to a disguised motion for summary judgment. He argued that the unsupported allegations were insufficient for granting the motion. In particular he argued that the Tollins had to prove the plan was a "qualified plan" under the statute in order to be exempt. On appeal he again urged this objection to the proceedings. He argued that there was no declaration in the record that the annuity was purchased with tax exempt funds. This characteristic of the annuity is what Cashio contends determines the exempt status of an annuity under La.R.S.20:33. That statute provides in part:
The following shall be exempt from all liability for any debt except alimony and child support:
(1) All pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon. No contribution shall be *1068 exempt if made less that one calendar year from the date of filing for bankruptcy, whether voluntary or involuntarily, or less than one calendar year from the date writs of seizure are filed against such account or plan.
Cashio also relies on the Federal case of In the Matter of Young, 806 F.2d 1303 (5th Cir.1987) for the proposition the annuity must be purchased with tax exempt funds. However, in Young as in Welltech this issue was not reached. In both cases the issue was whether the funds were an annuity rather than an accounts receivable.
We pretermit a discussion of the issue of whether an annuity needs to be purchased with tax exempt funds in order to be exempt from seizure for the reasons which follow.
Although styled as a motion to dismiss the garnishment proceedings, that pleading essentially seeks to have Cashio enjoined from garnishing the alleged annuity. It also seeks attorney's fees for the allegedly wrongful seizure. Under La.Code Civ. Proc. art. 2411(B) the seizure in garnishment proceedings "take[s] effect upon service of the petition, citation, and interrogatories." First National Bank of Commerce v. Boutall, 422 So.2d 1159 (La.1982).
The judgment granting the motion to dismiss effectively permanently enjoins Cashio from instituting garnishment proceedings against Jamestown for the alleged annuity. It also awards attorney's fees for the allegedly wrongful seizure.
We find the instant case analogous to Doncost v. Millet, 534 So.2d 525 (La.App. 5th Cir.1988). In Doncost the trial judge rendered judgment on the merits which effectively granted a permanent injunction. That judgment was rendered after a hearing on exceptions and a motion for summary judgment. The judgment was granted despite issues of material fact and in contravention of our jurisprudence on the issuance of a permanent injunction. In Doncost we held at 527 [quoting New Orleans Federal Savings and Loan Ass'n v. Harry Lee, 425 So.2d 947, 948-49 (La.App. 5th Cir.1983)]:
a preliminary injunction may issue merely on a prima facie showing by the plaintiff that he is entitled to the relief sought and that he would suffer irreparable injury if the same is not granted. The issuance of a permanent injunction, however, takes place only after trial on the merits, in which the burden of proof must be founded on a preponderance of the evidence, rather [than] a prima facie showing. Picard v. Choplin, 306 So.2d 918 (La.App. 3d Cir. 1975); State Board of Education v. Anthony, 289 So.2d 279 (La.App. 1st Cir.1973).
. . . .
A permanent injunction should not be granted unless the parties know their case is to be tried on the merits and have an opportunity to prove or defend their case on a preponderance of the evidence. (emphasis added and footnote omitted.)
In Doncost we set aside the judgment and remanded the matter for proceedings consistent with the Louisiana Code of Civil Procedure. We follow Doncost. In the instant case there was no evidence as to the nature of the funds sought to be garnished. In Young, supra it was the substance of the arrangement and not the label which determined whether the payments were an annuity and subject to exemption. A mere label was insufficient to trigger the exempt status. We do not reach the issue of whether an annuity needs to be purchased with tax exempt funds in order to quality as an exemption from seizure.
The Tollins have answered the appeal seeking additional attorney's fees for the allegedly wrongful seizure. This claim is denied. We further note that the record is devoid of evidence the funds were wrongfully seized. In Boutall we held that in order to recover damages for wrongful seizure the debtor must prove the seizure was wrongful.
Accordingly, for the reasons stated, the judgment of March 27, 1996 is vacated and set aside and this matter is remanded for further proceedings consistent with the views expressed herein.
JUDGMENT VACATED AND SET ASIDE; CASE REMANDED
NOTES
[1] That decision was vacated by the Supreme Court in Welltech v. Abadie, 96-683 (La.5/3/96) 672 So.2d 698. The Supreme Court remanded the case to this circuit to consider whether the obligations of intermediaries were exempt. On remand we reaffirmed our prior decision and amended the opinion to hold that the obligations of intermediaries were also exempt. Welltech v. Abadie, 95-676 (La.App. 5th Cir. 10/1/96) 683 So.2d 809.
[2] Id.