712 So.2d 254 (1998)
S. Michael CASHIO
v.
Martin John TOLLIN and Gail Tollin.
No. 97-CA-1213.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1998.
S. Michael Cashio, Kenner, in pro. per.
Roger J. Larue, Metairie, for Defendants/Appellees.
Before DUFRESNE, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This appeal arises from the grant of a motion for summary judgment, dismissing garnishment proceedings of plaintiff which sought to garnish annuity payments made by First Colony Life Insurance Company to defendants. We affirm the decision of the trial court.
*255 S. Michael Cashio filed suit against John and Gail Tollin on five promissory notes. On June 11, 1990, the trial court rendered judgment against John Tollin in the amount of $2050.00 and judgment against John and Gail Tollin in the amount of $8,000.00 plus legal interest and 20% attorney fees. The judgment was amended on February 5, 1991 to include all costs of the litigation.
Plaintiff filed a petition for garnishment, directed to Jamestown Life Insurance Company, American Empire Surplus Lines Insurance Company, and First Colony Life Insurance Company, seeking to seize proceeds of an annuity.
First Colony Life Insurance Company, (First Colony), filed answers to the interrogatories raising the affirmative defenses of no cause of action and exemption. First, it alleged that it was only the administrator of the policy and had no ownership interest in the annuity. Second, it alleged that the periodic payments made to the defendants under the annuity policy were exempt from seizure pursuant to La. R.S. 20:33.
Jamestown Life Insurance Company (Jamestown) answered the interrogatories admitting that it was the owner of the annuity and that First Colony remits a monthly check of $1,160.00 to John and Gail Tollin (the Tollins). Jamestown alleged that the annuity was exempt from seizure pursuant to La. R.S. 13:3881(d)(1).
The Tollins filed a motion to dismiss the garnishment proceedings, alleging that the annuity was exempt from seizure pursuant to La. R.S. 13:3881(D)(1). They further sought attorney's fees. The trial court rendered judgment granting the motion to dismiss and ordering plaintiff to pay costs and $500.00 in attorney fees.
Plaintiff appealed, and this court vacated the judgment dismissing the garnishment proceedings on procedural grounds, finding that no evidence had been presented to the trial court as to the nature of the funds sought to be seized. Cashio v. Tollin, 96-613 (La.App. 5 Cir. 12/30/96), 686 So.2d 1066, writ denied 97-0309 (La.3/21/97), 691 So.2d 87.
On July 7, 1997, the defendants filed a motion for summary judgment, seeking dismissal of the garnishment proceedings and attorney's fees. After a hearing on the motion for summary judgment, on August 19, 1997, the trial court rendered judgment granting the motion and dismissing the garnishment proceedings. The request for attorney fees was denied. This appeal followed.

ANALYSIS
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Annuity payments are not subject to garnishment, La. R.S. 13:3881(D) nor are they subject to seizure by creditors. La. R.S. 20:33. It is clear that the Louisiana Legislature intended to exempt the proceeds and avails of annuities from any seizure. WellTech v. Abadie, 95-676 (La.App. 5 Cir. 10/1/96), 683 So.2d 809, writ denied, 96-2598 (La.3/13/98), 712 So.2d 864.
The trial court, in its judgment rendered on August 19, 1997, found that the monthly payments of $1,160.00 from First Colony Life Insurance Company to the Tollins are annuity payments and thus exempt from seizure pursuant to La. R.S. 13:3881(D)(1).
On appeal, Cashio does not contend that the trial court erred in ruling that the payments sought to be seized are annuity payments. Rather, he alleges that, in order to be exempt from seizure, the annuity must have been purchased with tax exempt funds. In this case, there was no showing that tax exempt funds were used to purchase the annuity at issue, and therefore, absent such a showing, this matter is not ripe for summary judgment.
La. R.S. 13:3881(D)(1) provides:
D. (1) The following shall be exempt from all liability for any debt except alimony and child support: all pensions, all proceeds of and payments under annuity policies or plans, all individual retirement *256 accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon.
La. R.S. 20:33 provides in pertinent part:
The following shall be exempt from all liability for any debt except alimony and child support:
(1) All pensions, all proceeds of and payments under annuity policies or plans, all individual retirement accounts, all Keogh plans, all simplified employee pension plans, and all other plans qualified under Sections 401 or 408 of the Internal Revenue Code. However, an individual retirement account, Keogh plan, simplified employee pension plan, or other qualified plan is only exempt to the extent that contributions thereto were exempt from federal income taxation at the time of contribution, plus interest or dividends that have accrued thereon.
Initially, we note that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. The words of a law must be given their generally prevailing meaning. La. C.C. art. 11.
A reading of the statutes at issue do not support appellant's contentions that an annuity must be purchased with tax exempt funds before that annuity and/or its proceeds are exempt from seizure. In the first sentence of each statute, there is a list of pensions and other plans which the Legislature has declared exempt from seizure. Included in this list is an annuity plan. In the second sentence of each statute, there is a selection of certain plans and accounts which must be purchased with tax exempt funds. An annuity plan is not included in that second list. Had the legislature intended to provide that an annuity must be purchased with tax exempt funds in order to be exempt from seizure, the Legislature could have included the annuity in the list of plans and accounts set forth in the second sentence of each statute at issue. The Legislature did not include an annuity plan, and therefore it is logical that the Legislature did not intend to provide that an annuity must be purchased with tax exempt dollars to be exempt from seizure.
In light of the above, we find that the trial court did not err in finding that the annuity owned by Jamestown and administered by First Colony, is exempt from seizure and in dismissing the garnishment proceedings against defendants insofar as the monthly payments of First Colony to the Tollins.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff/appellant, S. Michael Cashio.
AFFIRMED.